PETERSON
vs
POIGNARD, &c.

---

CHANCERY.

Case 128.

## Peterson *vs* Poignard, &c.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Equity jurisdiction. Non-resident debtors. Trustees and trusts.*

June 29.

JUDGE MARSHALL delivered the opinion of the Court.

Independent of the statute of Ky. authorizing attachment in chancery against non-resident debtors, the Courts of Chancery in Ky. have jurisdiction against the heirs of a non-resident debtor in a suit against the heirs to subject the personal estate found in Ky. to the payment of debts. See *Hefferman* vs *Forward*, &c. this volume.

IF the jurisdiction of the Chancellor in this case rested solely upon our statutes authorizing attachments in chancery, against the effects of non-resident debtors, we should even then be of opinion according to the case of *Hefferman* vs *Forward, &c.*, decided at the present term, that as Monroe the primary debtor of Peterson, has been dead for many years, insolvent and without administration, his heirs may in equity, and for the purpose of effecting the remedy, be regarded as his representatives, qualified to contest any demand set up against him, and through whom his personal estate, existing in the form of choses in action, may be rendered subject to his debts. The other alternatives are that the creditor shall involve himself in the difficulties and burthens of the administration, or that because there is no administrator, he must lose his debts. The want of an administrator may be an insuperable obstacle to the legal remedy. But the Chancellor having before him the subject to be disposed

of, and all parties in being who have any interest in it, may doubtless make such disposition of it as would be binding even upon a subsequent administrator, should one be afterwards appointed. And this being so, the want of an administrator, instead of rendering him powerless, may be the very ground on which in cases where no one can be charged at law as executor *de son tort*, the Chancellor may be bound to interpose his power, as furnishing the only practical means of relief.

But this case does not stand merely on the ground of an ordinary attachment in chancery, nor does the jurisdiction depend upon the non-residence of any of the parties. Monroe and Peterson were partners. Upon their dissolution in 1823, Monroe retained almost the whole of the assets, and bound himself to pay the debts of the firm. In the next year Monroe being embarrassed, made Poignard his general agent, with full power over all his business and property in the west, and left Kentucky for New York, where he died about ten years after without having returned. In the mean time, Poignard had taken the control of the business and estate of Monroe, and had obtained possession and made other disposition of nearly the whole estate, real and personal, which had belonged either to the partners jointly, or to Monroe separately, leaving debts of the firm to be paid by Peterson, if paid at all. In this state of things, Peterson being a defendant in a suit brought by a creditor of the firm, to foreclose a mortgage made before the dissolution, filed his cross bill against Poignard, calling him to account for his actings in the premises, alledging payment of various firm debts by himself, and his liability for others, charging Poignard with having appropriated a large part of the assets of the firm and of Monroe to his own use, and in effect praying that their value remaining in the hands of Poignard, might be subject to the indemnification of Peterson, or to the payment of debts of the firm.

Poignard having under his agency for Monroe, become possessed of all of his estate, and having converted it, he may so far as the assets of the firm come to his hands, be considered in equity as the trustee, not only of Monroe, but of Monroe & Peterson, and afterwards of Peter-

An agent of one partner coming into possession of the effects of the firm, will be regarded in equity as a trustee, and accountable.

PETERSON
vs
POIGNARD, &c.

In equity, to the
creditors of the
firm and other
partners, though
the partner con-
stituting such a-
gent be dead and
no administra-
tor.

son the surviving partner; and he is of course liable to
be called to account as such. In this aspect of the case,
the payments already made by Peterson for the firm, his
liability for other firm debts, the attitude of Poignard as
trustee, holding the assets of the firm, and the right of
Peterson as surviving partner, to have those assets ap-
plied for his indemnity, constitute direct and substantial
grounds of equitable jurisdiction, and no other parties
are requisite but such as may be essential to a just and
conclusive disposition of the whole matter. If there
were an administrator of Monroe, he would of course be
the proper party to defend or assert the interests of
Monroe's outstanding creditors if any, and also of his dis-
tributees, by limiting or resisting the claim of Peterson,
and maintaining the liability of Poignard. But when
there is no administrator, the parties actually interested,
and for whose benefit alone he would be authorized to
act, must be deemed competent to maintain their own in-
terests, and the possession of the thing to be disposed of,
with jurisdiction over it and over all actual interest per-
taining to it, must be regarded as sufficient to authorize
an absolute and conclusive disposition of it. Then, it is
no violent construction of facts, under all the circumstan-
ces, to say that to the extent of the assets of the firm,
which came to the hands of Poignard, he may be regard-
ed as the agent and trustee of Peterson, in the same man-
ner as if there had been no dissolution, and his authori-
ty has been conferred by both of the partners. As in that
case, the liability of Poignard to Perterson would have
been direct and immediate, and Monroe or his repre-
sentatives would be necessary parties to a proceeding for
enforcing that liability, not because any title was made
through or from them, but merely because of their ultimate
interest in the residuum after satisfying the claim of Pe-
terson: so although the actual case may be technically
different, yet as it is substantially the same, the represent-
atives of Monroe should be regarded as necessary par-
ties, not for the purpose of deriving title through them, but
because they are interested in the proper adjustment of
the accounts, and might claim the residuum if any.
And the distributees of Monroe must, when there is no ad-

ministrator, be deemed competent parties for this purpose.

We are not sure but that Poignard might, in regard to some of the transactions presented in the record, be treated even at law as executor *de son tort* of Monroe. But waiving this view, which at any rate might not cover the whole case, it would seem that having had as trustee the possession at Monroe's death of his entire estate, either in its original or converted form, he does in fact represent the whole, and might for want of a lawful administrator, be made liable in equity to any creditor, who bringing before the Court all persons actually interested in the estate, should satisfactorily establish his demand against it.

But without pursuing these views further, we are satisfied that an administrator of Monroe was not so essential a party to the present suit, as to authorize its dismission even without prejudice, for want of such party, when it appeared that after the lapse of several years from his death no administration had been granted, and there was no probability that it ever would be applied for. The heirs of Monroe being presumably also his distributees, were necessary parties under all the views which have been taken, and the omission of any of them from the suit, would have been a defect which if not repaired, might have authorized a dismissal without prejudice. But according to the allegations made in the pleadings, the suit appears to have been perfect in this respect. The *ex parte* affidavit of Poignard filed at the last stage of the cause, intimating a belief or information that certain persons not made parties were heirs, and that others who were made parties had died, leaving heirs who had not been made parties, should if noticed at all, have been the ground of a rule to make parties, and not of a dismissal for want of them. And if the Chancellor conceived that this was a case in which it was necessary to bring before the Court other creditors of Monroe, or Monroe & Peterson, besides those already in the cause, this opinion should also have been intimated and carried out by rule, before a dismissal of the bill should have been resorted to. The case had been strenuously litigated between the prin-

*The* ex parte *affidavit of a defendant alleging a defect of parties may be the ground for a rule to make proper parties, but not for a peremptory dismissal.*

cipal parties for a long period. The record had been swelled by a laborious and minute preperation to a volume of nearly a thousand pages, several hundred of which were occupied by the elaborate report of the master, with its accompanying exhibits. We think under these circumstances, a due regard to parties and convenience requires that a complainant should be warned of the necessity of further and more formal preprataion with respect to parties, before by the dismissal of his bill, he is deprived of the present fruits of his labor, and perhaps in consequence of lapse of time, of all remedy for his demand. There might, indeed, be flagrant cases presenting such evidence of inattention and neglect as would justify so summary a proceeding. But we do not perceive that there was such evidence of neglect, either in regard to the heirs of Monroe, or in regard to his creditors. Nor do we perceive with respect to creditors, that there is a necessity for bringing any before the Court who are not already parties. The original complainant in the suit on the mortgage seems still to be a creditor to some extent, other debts have been as is presumed, either paid or assumed by Peterson or Poignard, and are represented by them. And even if all creditors be necessary parties, there should have been some positive allegation and proof on the subject, to justify a rule requiring other parties to be made on that ground.

The decree dismissing the bill without prejudice is, therefore, erroneous. And as the Chancellor has not acted upon the master's report, and it would be an inconvenient practice, and one not entirely consistent with the duties of this Court, as a revising tribunal, to take up the numerous exceptions to this complicated report, before they had been acted upon by the Court of original jurisdiction, the cause is remanded with directions that it stand before the Chancellor upon the exceptions to the masters report, subject however, to such proceedings in relation to the preparation of the case in respect of parties, as may be accordant with the rules of chancery practice, and consistent with this opinion.

Decree reversed and cause remanded for new proceedings consistent with this opinion.

*Fry & Page* for appellant: *Guthrie* for appellees.