## Shannon's heirs *vs* Dillon.

ERROR TO THE FRANKLIN CIRCUIT.

*Jurisdiction. Heirs.*

JUDGE BRECK delivered the opinion of the Court.

CHANCERY.

*Case* 91.

June 10.

Case stated.

THIS was a bill in chancery filed by Dillon against the heirs and widow of Samuel Shannon, seeking the recovery of a note for $33, which he alledged had been executed to him by said Samuel, for a valuable consideration, and which remained wholly unpaid. That a few years after the execution of said note, which bears date in 1829, said Shannon departed this life intestate; that administration was granted upon his estate in 1834, but the administrator died in 1835, and that no administration had since been granted; that no return or settlement was ever made by the administrator, but the assets which came to his hands, were supposed to be insufficient for the payment of the debts of the intestate; that since, however, the death of the administrator, there had come to the hands of the widow and heirs, about $800, in money, being the share or portion of said Samuel in his father's estate.

To this bill, filed in 1844, the defendant's demurred. The demurrer was overruled and on final hearing, a decree was rendered against the widow and adult heirs, for the complainant's demand and costs; to reverse which the defendants prosecute this writ of error.

1. It is contended that a Court of equity had no jurisdiction of the case, and consequently that the defendants' demurrer was improperly overruled.

Where there has been no administration, or an administrator has died and no administrator *de bonis non,* a bill in chancery is an appropriate remedy to recover the amount of a note given by the

SHANNON'S H'RS.
vs
DILLON.

intestate, from
the heirs, to
whom estate has
descended.

2. That the Court erred in subjecting only a part of the defendants to the payment of the complainant's demand.

In regard to the first question, *Ellis* vs *Gosney's heirs*, (1 *J. J. Marshall*, 349,) is a case directly in point in support of the jurisdiction, and upon the authority of that case and the principles recognized and reasoning of the Court in *Hefferman* vs *Forward*, &c. (6 *B. Monroe*, 567,) we are disposed to rest the question and sustain the jurisdiction.

We are also of opinion that the second objection is not available.

Part of the heirs were infants and answered by their guardian *ad litem*, denying the allegations in the complainant's bill. Only one of the adult heirs filed an answer, in which he admits that the defendants had received assets since the death of the administrator, as alledged; that he had, however, only received his proportion, amounting to about $140, and that he was only bound for his proportion of the complainant's claim, if he should be found entitled to recover. He also sets up matter in avoidance of the claim, but which he fails to establish. As to the other adult heirs and the widow, the bill was taken for confessed. There was no proof that any portion of the alledged fund had been received by the infants or their guardian. The Court, therefore, properly dismissed the bill as to them, and decreed against the residue of the heirs and the widow. The former have no cause to complain of the decree, as it was not to their prejudice, nor have the latter, as they admit a much larger sum had come to their hands from the estate of their ancestor, than was decreed against them.

Wherefore, the decree is affirmed.

*Lindsey* for plaintiffs; *Hord* for defendant.