## Cameron *v.* Cameron.

*Bill in Equity for Account against Widow and Children of Deceased Debtor, sought to be charged as Trustee.*

1. *Trust for person of weak mind, voluntarily assumed ; averments not showing.*—Held, that the averments of the bill in this case, seeking to charge a deceased debtor, or his estate, as trustee for complainant, his sister, a woman of weak understanding, on account of moneys in his hands which he had received, and for which he had executed to her a promissory note under seal, were not sufficient to establish the relation of trustee or guardian voluntarily assumed.

2. *Statute of limitations; when not available on demurrer.*—When the bill seeks to enforce a claim which on its face is barred by the statute of limitations, but avers partial payments which avoid the bar (Code, § 3240), the defense of the statute can not be taken by demurrer.

3. *Exemptions to decedent's family; when creditor may come into equity against widow and children of deceased debtor.*—When the property of a deceased debtor, real and personal, exceeds the statutory exemptions both in value and extent, and the widow and children take possession of it without administration on his estate, they hold it as a trust fund for the payment of debts, and a creditor may maintain a bill in equity against them to enforce payment of his debt.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. S. K. McSpadden.

[Cameron v. Cemeron.]

The bill in this case was filed on the 15th September, 1886, by Martha Cameron, against the widow and children of her deceased brother, Daniel Cameron, who died, intestate, in said county of Jackson, some time during the year 1884; and sought to enforce payment of a note, which the said Daniel Cameron had executed to the complainant, out of the property belonging to his estate in the possession of the defendants. The note, which was made an exhibit to the bill, was dated the 23d September, 1861, payable one day after date; was for $600, and was under seal. The complainant insisted, in her bill, that the note was not barred by the statute of limitations, because the debt evidenced by it was a trust fund in the hands of the maker, for her benefit, and because he had made several partial payments on it, as follows: Nov. 27th, 1862, $148 in Confederate currency; in 1869, or 1870, $1.50; in 1872, $2.00; in 1875, $1.00; in 1876, $1.25; in 1877, $1.50; in 1878, $2.00; in 1879, 75 cents; and in 1883, 25 cents.

As to the consideration of the note, the circumstances under which it was given, and the facts relied on as showing a trust, the bill contained these allegations: Daniel Cameron, senior, the complainant's father, died in said county of Jackson, in 1848, intestate, leaving eight children, and an estate valued at $5,000. Hugh Cameron and another son administered on their father's estate, and sold all the property for the purpose of making a division and distribution. The proceeds of sale amounted to $4,800, of which the complainant's distributive share was $600. Complainant was at that time about sixteen years old, and had no legal guardian. Her brother Hugh, one of the administrators, "assumed to act as her guardian, or trustee, and as such received her share on said division. He had bought property at the sale, and, in part payment thereof, assumed to pay complainant said sum of $600, her distributive share; but he never paid the same, or any part thereof." Hugh Cameron having determined to remove to Texas in 1861, "he made an arrangement with said Daniel Cameron, his brother, by which the latter succeeded to said trusteeship of complainant. The said Hugh Cameron had sold property to said Daniel, which said Hugh had bought at the administrators' sale, and, in part payment to said Hugh for said property, said Daniel assumed to pay complainant said sum of $600, and, in pursuance of that arrangement, executed and delivered to her his said promissory note above set out." "Complainant is now, and has been since she was sixteen years old, of weak mind and understanding, and incapable of transacting her business, or managing her

property, which consisted entirely of her distributive share of her father's estate ; and said Daniel Cameron, her brother, was fully acquainted with her mental condition, and knowing, as he did, her utter incapacity to transact business, he voluntarily assumed the trusteeship of her property, and continued to act as such up to the time of his death, never repudiating or denying said trust, but, on the contrary, recognizing and admitting the same, from the date of said note to the time of his death." The bill alleged, also, that the complainant resided with her mother, who had a pension from the United States as the widow of a soldier in the war of 1812; that Daniel Cameron, knowing these facts, declined to pay any considerable part of the money due to her, but made the several small payments above specified in recognition of the trust, "and often told complainant that she did not need much (if any) of her money during her mother's life-time, and that he intended to take care of it for her until her mother's death, when she should have it as her necessities might require." The bill alleged, also, that the defendants were estopped from denying that a trust existed, or asserting that the claim was barred by the statute of limitations, because said Daniel Cameron had often assured complainant that her claim was not within the statute of limitations, and could not be barred by it.

The defendants filed a demurrer to the bill, assigning as grounds of demurrer—that the claim was stale, and was barred by the statute of limitations ; that the complainant had an adequate remedy at law ; and that the bill was filed in a double aspect—one claiming the settlement of an alleged trust, and the other the enforcement and collection of a debt on the ground of estoppel. The chancellor overruled the demurrer, and his decree is now assigned as error.

J. E. Brown, for the appellants.—(1.) The two aspects of the bill are inconsistent and repugnant.—*Proskauer v. Savings Bank*, 77 Ala. 257 ; *Tatum Bros. v. Walker*, 77 Ala. 563 ; *Caldwell v. King*, 76 Ala. 149. (2.) On the face of the bill, the claim was barred by the statute of limitations, and the defense could be taken by demurrer.—*Baker v. Barclift*, 76 Ala. 418. (3.) The averments of the bill show no continuing trust.—*Vincent v. Rogers*, 30 Ala. 471 ; *Whetstone v. Whetstone*, 75 Ala. 495.

W. L. Martin, contra.—(1.) The bill is not filed in a double aspect, nor does it ask inconsistent relief. Whether the complainant's demand is simply a debt by contract, or arises out of a trust, the relief is the same.—*Caldwell v.*

*King,* 76 Ala. 149; *Gordon v. Ross,* 63 Ala. 363; *Micou v. Ashurst,* 55 Ala. 607; *Rives v. Walthall,* 38 Ala. 329. (2.) The deceased brother having assumed to act as agent or trustee for the complainant, who was of weak mind, he is liable to account as a trustee *in invitum.— Whetstone v. Whetstone,* 75 Ala. 495. (3.) The defendants having taken possession of all the property belonging to the deceased debtor, without administration on his estate, they hold it as a trust fund for the benefit of his creditors; and the complainant may maintain a bill in equity against them, even as a simple contract creditor, having no adequate remedy at law.—*Dunlap v. Newman,* 47 Ala. 429; *Adams v. Holcombe,* 14 Amer. Dec. 719; *Shannon v. Dillon,* 48 Amer. Dec. 393; 3 Pom. Equity, § 1154.

STONE, C. J.—1. We do not think that the averments of the present bill are sufficient to show that the bill single, alleged to have been given in 1861 by Daniel Cameron to complainant, imposed any liability other than that of a debt. They fail to show that the said Daniel became trustee, or *quasi* guardian for the said Martha.— *Vincent . v. Rogers,* 30 Ala. 471; *Whetstone v. Whetstone,* 75 Ala. 495.

2. The bill charges that the said Daniel Cameron made payments on said bill single, or debt, during each of the years 1862, 1869 or 1870, 1872, 1875, 1876, 1877, 1878, 1879, and 1883. If this be true, the several payments were a recognition of the debt, and kept it alive. Daniel Cameron died in 1884, and this bill was filed in September, 1886. The demurrer, on the ground of the statute of limitations, was rightly overruled.

3. After the death of Daniel Cameron, as the bill avers, there was no administration on his estate, but his widow and children took possession of it, and still hold it. The bill charges that the personal assets were worth one thousand dollars, and the real estate, 280 acres, three thousand dollars. It is not stated whether there is homestead, or other exemption, and if there is, whether it will be claimed. If such claim should be made, the averred value of the land places it above the limit the law allows. On these averred facts, which on demurrer must be treated as true, the present bill contains equity, being the only remedy the complainant has.—*Dunlap v. Newman,* 47 Ala. 429; *Adams v. Holcombe,* 1 Harper Eq. 202; s. c., 14 Amer. Dec. 719; *Shannon v. Dillon,* 8 B. Mon. 389; s. c., 48 Amer. Dec. 394.; 3 Pom. Eq. § 1154, p. 119.

There is nothing in the demurrer for multifariousness.

Affirmed.