OLIVER T. HOPPER, APPELLANT, *v.* MARY C. HOPPER,
AS EXECUTRIX, ETC., OF THE LAST WILL AND TESTAMENT OF
INSLEE A. HOPPER, DECEASED, RESPONDENT.

*Ancillary letters testamentary — the ancillary executor is, and is liable to be sued in
the same manner as, a domestic executor although there are no assets in this State.*

In an action brought by the plaintiff, a resident of the State of Georgia, upon a
claim originally existing against the defendant's testator, who was, at the time
of his death, a resident of the State of New Jersey, it appeared that the testator's
will was proved in that State and letters testamentary thereon were issued to the
defendant, and that subsequently the defendant received ancillary letters
testamentary from the surrogate of the county of New York.

On the trial the plaintiff established his claim against the deceased, but showed
no assets whatever in this State, and on these facts the court held that it had no
jurisdiction to entertain the action and ordered that judgment be entered for the
defendant.

Upon an appeal from this judgment:

*Held,* that it should be reversed.

That an executor, who receives ancillary letters in this State, is a domestic executor
and liable to be sued here in the same manner as other executors.

APPEAL from a judgment, rendered at a Special Term held in the county of New York, dismissing the plaintiff's complaint, which was entered in the office of the clerk of the city and county of New York on January 10, 1889.

*Horace Secor*, for the appellant.

*Robert T. B. Easton*, for the respondent.

CULLEN, J. :

This action is upon a claim against the defendant's testator. The plaintiff is a resident of the State of Georgia. The defendant's testator was, at the time of his decease, a resident of the State of New Jersey. His will was proved in that State, and letters testamentary thereon issued to the defendant. The defendant subsequently received ancillary letters testamentary from the surrogate of the county of New York. On the trial before the court without a jury, the plaintiff established his claim against the deceased, but showed no assets within this State. On these facts the court held that it had no jurisdiction of the action, and ordered judgment for the defendant. From that judgment this appeal is taken.

We are of opinion that this disposition was erroneous. The learned judge in his opinion rests his decision on the doctrine that an action at law cannot be maintained against a foreign executor, and that an equitable action against such executor will only be as a resident creditor for an accounting as to assets collected within this State.

The general rule stated by the learned judge, as to actions at law, is doubtless correct, though it may be that he has confined the scope of equitable relief within too narrow limits. But the question is, was the defendant, after she had taken out ancillary letters in this State, a foreign executor? The general rule seems to be that the immunity from suit and the right to sue are co-extensive; and the reason of the rule that foreign executors can neither sue nor be sued is that the grant of letters testamentary has no force beyond the country in which the grant was made. Therefore, the grant in New Jersey created in this State no privity between the deceased and the defendant, but now that privity is established by the issue of such letters here. If there had been no ancillary letters issued here to the defendant, but assets had been within this State, any one

interested in the estate could have enforced an administration thereof here. Such an administration would have represented the deceased to the same extent as if the deceased had been a resident here (save as to the liability of the executor to account for foreign assets), and this action could have been maintained against the administrator. The grant of the defendant's letters precludes the appointment of another administrator, and we cannot see why her liabilities should not be co-extensive with his. Her letters are termed ancillary, but we do not understand that ancillary letters are less in their effect than other letters. Apart from the statute, all administrations of estates in different countries are independent, so far as a matter of strict right or jurisdiction ; but as a matter of comity all administrations in countries other than that of the domicile are ancillary to the principal administration. (Williams on Executors, 363; Story on Conflict of Laws, §§ 513, 518.) How far that comity should respect the principal administration is a matter of judicial discretion. In most States the rule has been stated that so much of the estate as was necessary to satisfy debts to residents would be so applied, and the surplus remitted to the domicile of the deceased. But I can find no case where a non-resident sought to enforce his claims against the estate in an ancillary administration, and was denied relief on account of his non-residence.

In *Goodall* v. *Marshall* (11 N. H., 88), exactly the contrary doctrine was held. So, also, while estates will be distributed according to the law of the domicile, it is not always the rule to remit the assets to the domicile for distribution, but the estate may be distributed where the assets actually are. *In the Matter of Hughes* (95 N. Y., 55), the deceased domiciled in Pennsylvania, died in that State. The assets of the estate were situate there, but were brought to this State by one of the next of kin, who here obtained letters of administration. Letters were subsequently obtained in Pennsylvania by another person. The Court of Appeals reversed an order remitting the assets to the latter State, as it appeared that there were no debts in Pennsylvania, and that the next of kin resided in this State. It was held that the distribution of the assets in the ancillary administration, or their remission to the principal administration, was not a question of jurisdiction, but of judicial discretion.

If the assets were to be kept here, it is difficult to see how the foreign creditor is to be denied satisfaction in the courts of this state. The principles thus referred to show that an ancillary administration is as efficacious as any other administration, so far as the question of legal title is concerned, the fact that the administration is ancillary only going to the discretion of the court in the disposition of the assets. Without the provisions of the Code, which are re-enactments of previous statutes, the defendant would have been compelled to prove the will in this State to take out letters here. But these provisions of statute enable her to take out letters upon simply showing the probate of the will in the place of the domicile, provided such place is a State or territory of this country. If the deceased had died a resident of Canada or England, the defendant would have had to prove the will in this State to obtain letters. Had the will been so proved and letters then issued, the executor, as far as acts at law are concerned, would not have differed from other executors. The only effect of the statutory provision was to relieve the defendant from the necessity of proving the will here ; but she is the same character of executor as if the will had been so proved. Her authority is not limited to assets within this State. She could maintain her action against a non-resident debtor to the estate, if she were able to serve him with process within the State, and the cause of action was transitory. (*Fox* v. *Carr*, 16 Hun, 434.) Her liability to be sued should be as extensive.

It is not necessary to determine whether the plaintiff, if successful in his suit, can reach assets in this State, or must go to the State of the original probate. Under our system a judgment against an executor practically only establishes a claim. The surrogate in this State has no power to pass on the validity of the claim, but the existence of the claim must be determined in a suit at law. It would seem clear, therefore, that, at least as to resident creditors, an ordinary action at law might be maintained against this defendant. Even as to such resident creditors it appears that they may be remitted to the place of the domicile ; while, on the other hand, it appears that distribution may be decreed within this State to the legatees or next of kin. (Code, § 2701.) A judgment, however, would give the plaintiff two benefits : First. Under the authority of *Hill* v. *Tucker* (13 How. [U. S.], 488) the judgment would be presumptive,.

if not conclusive, evidence of his claim in other jurisdictions. Second. Under the authority of the same case it would relieve him from the bar of the statute of limitations. These questions, how- ever, will arise on the distribution of the estate. All we determine is that an executor who receives ancillary letters in this State is a domestic executor and liable to be sued here as other executors.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.