CHARLES A. SMITH, as Ancillary Administrator, etc., of CAROLINE G. SMITH, Deceased, Appellant, *v.* SECOND NATIONAL BANK of the City of New York, Respondent.

70h 357
f52ad631

*Ancillary administrator — duty and powers of — he cannot pledge assets of the estate.*

An ancillary administrator in the State of New York has no right to pledge any portion of the assets of the estate which may come into his hands.

The only duty of an ancillary administrator in this State is to transmit the assets received by him to the State or country where the principal letters were granted, unless he is directed by express decree to retain some portion of the same for the purpose of payment of debts due to resident creditors. (Code Civ. Proc. §§ 2700, 2701.)

An ancillary administrator obtained, as such, a loan from a bank, on his stating that he required it for the purposes of the estate, in anticipation of income, and delivering to the bank a promissory note therefor, together with a municipal bond, which stood in the name of and formed a part of the assets of the estate of his intestate, as collateral security. The note was not paid, and the bank undertook to realize upon the bond, but was enjoined from so doing at the suit of an ancillary administrator, appointed in the place of the one who had delivered the bond to it.

In an action brought by the new ancillary administrator against the bank, to compel the delivery of the bond to him,

*Held,* that the bank could not be deemed a *bona fide* holder of the bond, so as to be protected in its possession of the bond.

APPEAL by the plaintiff, Charles A. Smith, as ancillary administrator of the goods, chattels and credits of Caroline G. Smith, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 18th day of February, 1893, upon a dismissal of the complaint, after trial, at the New York Circuit.

*H. Parsons,* for the appellant.

*Jno. Notman,* for the respondent.

VAN BRUNT, P. J.:

The facts established upon the trial were, that on the 1st of November, 1886, one Sidney T. Smith, as ancillary administrator of the estate of one Caroline G. Smith, applied for a loan of $600 from the defendant, the Second National Bank, stating to its president that he wanted the money for the purposes of the estate, in

FIRST DEPARTMENT, JUNE TERM, 1893.          [Vol. 70.

anticipation of income.   The bank made the loan, and it was cred-
ited to the account of the ancillary administrator.   He delivered a
promissory note therefor, together with a New York seven per cent
accumulated debt bond for $5,000, which stood in the name of, and
formed part of the assets of said Caroline G. Smith.   The said
bond and note have been in possession of the bank ever since, and
no part of the note has been paid, although payment has been
demanded.   The whole amount of the note was paid to the ancillary
administrator on checks drawn by him as such administrator,
in the ordinary course of business, from time to time.   The
bank subsequently attempted to collect this bond from the city of
New York, but its transfer had been stopped by the plaintiff, who
had been appointed ancillary administrator in the place and  stead
of said Sidney T. Smith.   The bank subsequently attempted to sell
the bond at public auction, on notice to plaintiff, but was enjoined
by temporary injunction in this action, which was brought to com-
pel the delivery of the bond in question.

At the close of the trial, the appellants moved that the court
direct judgment for the delivery of the bond, which was denied,
and upon motion of the defendant's counsel, the complaint was dis-
missed, and from the judgment thereupon entered this appeal is
taken.

The sole question involved in this appeal is as to the right of an
ancillary administrator to pledge any portion of the assets of the
estate which may come into his hands.   In the case of *Hopper* v.
*Hopper* (53 Hun, 394), decided by the General Term of the second
department, such right seems to have been recognized, although not
necessary to the decision of the case, it having been determined in
that case that an ancillary administration is as efficacious as any
other administration, so far as the question of legal title is con-
cerned, the fact that the administration is ancillary only going to
the discretion of the court in the disposition of the assets.   The
question involved in that case, however, was simply whether an
executor, who receives ancillary letters in this State, is liable to be
sued here in the same manner as other executors, whether he has
assets of the estate in his hands or not.

In the case at bar, we think an entirely different question is
involved, and that a consideration of sections 2700 and 2701 of the

Code of Civil Procedure show that the rights of an ancillary administrator, in reference to the estate which comes into his hands, are very different from those which belong to an administrator or executor of a will proved within this State.

Sections 2700 and 2701 are as follows:

"Sec. 2700. The person to whom ancillary letters are issued, as prescribed in this article, must, unless otherwise directed in the decree awarding the letters, or in a decree made upon an accounting, or by an order of the surrogate made during the administration of the estate, or by the judgment or order of a court of record in an action to which that person is a party, transmit the money and other personal property of the decedent received by him after the letters are issued, or then in his hands in another capacity, to the State, territory or country where the principal letters were granted, to be disposed of pursuant to the laws thereof. Money or other property so transmitted by him at any time before he is so directed to retain it, must be allowed to him upon an accounting.

"Sec. 2701. The Surrogate's Court, or any court of the State which has jurisdiction of an action to procure an accounting, or a judgment construing the will, may, in a proper case, by its judgment or decree, direct a person, to whom ancillary letters are issued as prescribed in this article, to pay out of the money or the avails of the property received by him under the ancillary letters, and with which he is chargeable upon his accounting, the debts of the decedent due to creditors residing within the State, or, if the amount of all the decedent's debts, here and elsewhere, exceeds the amount of all the decedent's personal property applicable thereto, to pay such a sum to each creditor residing within the State as equals that creditor's share of all the distributable assets, or to distribute the same among legatees or next of kin, or otherwise dispose of the same as justice requires."

It appears, therefore, by section 2700 that there is only one duty which an ancillary administrator is to perform, viz., that he must, unless otherwise directed, in the manner provided for in the section, transmit the money and other personal property of the decedent received by him after the letters are issued, or then in his hands in another capacity to the State, territory or country where the principal letters were granted, to be disposed of according to the laws

thereof. This is his first and primary duty, and the provision is mandatory. He must transmit the same unless otherwise directed in the decree awarding the letters, or in a decree made upon an accounting, or by an order of the surrogate made during the administration of the estate, or by the judgment or order of a court of record in an action in which the ancillary administrator is a party.

Then by section 2701 power is given to the Surrogate's Court, or any court of the State which has jurisdiction of an action to procure an accounting, or a judgment construing a will, by its judgment or decree, to direct the person to whom the ancillary letters are issued to pay out of the money or avails of the property received by him under the ancillary letters, and with which he is chargeable upon his accounting, the debts of the decedent due to creditors residing within this State. And that is all. Having done that, section 2700 becomes operative again, and he is bound to transmit the balance, if any, to the State, territory or country where the principal letters were granted, to be disposed of pursuant to the laws thereof.

But it is said that section 2702 enlarges the rights and duties of ancillary administrators in that it expressly provides that the provisions relating to the rights, powers, duties and liabilities of an executor or administrator apply to a person to whom ancillary letters are granted, except those contained in the fifth title of the chapter (which relates to distribution by principal, executor or administrator), and except where special provision is otherwise made in the article, or where a contrary intent is expressed in, or plainly to be inferred from, the text.

It is plain that it was not the intention by section 2702 to repeal any of the restrictions or requirements contained in sections 2700, 2701. And reading all these sections together it seems to be apparent that the only duty of the ancillary administrator is to transmit the estate, unless he is directed by express decree to retain some portion of the same for the purpose of payment of debts due to resident creditors.

In the case at bar, the ancillary administrator obtained this loan, as he stated to the president of the defendant, in anticipation of income. It is difficult to see how, either for the purpose of transmission or even for the payment of debts, the administrator could

possibly have any occasion to anticipate income. It would seem, therefore, to be apparent that the loan was required for some purpose other than connected with the administration of the estate, so far as the ancillary administrator was authorized to administer the same. This being the case, we do not think that the defendant was a *bona fide* holder of the bond, so as to be protected.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.