FREDERICK DE COPPET et al., Appellants, *v.* HENRY H. CONE et al., as Executors under the Will of EDWARD WESTON, Deceased, et al., Respondents.

**Decedents' estate — action in equity for administration of estate and distribution of proceeds among creditors of decedent.**

The rule which obtains with much strictness, in actions to set aside fraudulent conveyances and in creditors' bills, that the plaintiff must have exhausted his remedy at law by the recovery of a judgment and the issue of an execution thereon, does not apply to an action for the administration of the estate of a decedent.

But in such case the suit should be brought on behalf of all the creditors
for a ratable distribution of the estate in satisfaction of their respective
claims, and either the foreign executor or the persons beneficially inter-
ested in the estate, either as legatee or next of kin, are necessary parties.
It is not the law that in no case can a suit be maintained against a foreign
executor.   Ordinarily a suit at law will not lie, but an action in equity
will often be sustained.

*De Coppet* v. *Cone*, 132 App. Div. 928, affirmed.

(Argued May 3, 1910; decided June 7, 1910.)

APPEAL from a judgment entered May 27, 1909, upon an
order of the Appellate Division of the Supreme Court in the
first judicial department which affirmed a final judgment dis-
missing the complaint entered upon an interlocutory judgment
of Special Term sustaining a demurrer thereto.

The complaint alleges that a copartnership had existed
between the plaintiffs and Walter Weston, deceased, and that,
on December 1st, 1895, there was found to be due, upon an
account being stated, from him to them a balance of $8,097.46;
that Weston died, in March, 1904, a resident of the city of
Washington, District of Columbia, leaving a will, which was
there admitted to probate ; that said Weston's father, Edward
Weston, had died in 1903, in the state of New York, leaving
a will, which was admitted to probate in the county of West-
chester, in said state; that the defendants Henry H. Cone
and Alfred J. Weston had qualified as his executors ; that the
only estate left by Walter Weston was an interest in his
father's estate amounting to upwards of $70,000; that an
application by the plaintiffs to the surrogate of the city and
county of New York, in 1908, for the probate of Walter
Weston's will was denied; that the executors of Edward
Weston have never accounted and still have in their hands a
large part of the property of the estate of Walter Weston.
After some other allegations to the effect that Edward
Weston's executors knew of Walter Weston's debt to the
plaintiffs; that they have wrongfully disbursed, and would
wrongfully disburse the whole of Walter Weston's estate and
that his will had not been established here, nor ancillary let-
ters obtained, a judgment was demanded " decreeing that the

plaintiffs are creditors of the decedent, Walter Weston, to the extent of said balance and that they have a lien upon the estate of Walter Weston; and that the defendants Cone and Weston pay over to the plaintiffs the sum of $8,097.46 with interest from the 5th day of August, 1896," etc. Walter Weston's will, which was annexed as part of the complaint, left all of his estate to his wife for life, with remainder, upon her death, to his children, and appointed executors. The plaintiffs made defendants to the action, Henry H. Cone and Alfred J. Weston, the executors of Edward Weston's will, and certain other persons, alleged " to have an interest in the controversy." The demurrer to this complaint was upon the grounds of insufficiency of the facts to constitute a cause of action and of a defect of parties defendant, in that no executor, or administrator, of Walter Weston was joined.

*Harry Van Ness Philip* for appellants. A foreign executor or administrator cannot be sued in this state. (*Murphy* v. *Hall,* 38 Hun, 528; *Hopper* v. *Hopper,* 125 N. Y. 400; *Collins* v. *Stewart,* 2 App. Div. 271.) The complaint states facts sufficient to constitute a cause of action. (Bispham's Prin. of Equity, ch. 3, § 37; *Baldwin* v. *Rice,* 183 N. Y. 55; *Siegel* v. *Cohen,* 23 Misc. Rep. 365; *Donlon* v. *Kimball,* 61 App. Div. 31; *Clark* v. *Poor,* 73 Hun, 143; *Matter of Clinch,* 180 N. Y. 300; *City of New York* v. *U. S. Trust Co.,* 78 App. Div. 366.)

*Edward Bruce Hill* for respondents. The complaint does not state facts sufficient to constitute a cause of action. (*Dittmar* v. *Gould,* 60 App. Div. 94; *Matter of Bunting,* 98 App. Div. 122; *Sayles* v. *Best,* 140 N. Y. 368; *Cox* v. *Stillman,* 59 Misc. Rep. 248; *Kranz* v. *Lewis,* 115 App. Div. 106.) There is a defect of parties defendant. (*Cox* v. *Stillman,* 59 Misc. Rep. 248.)

Cullen, Ch. J. It is conceded that the statutory provisions governing the probate of wills in Surrogates' Courts and the issue of letters testamentary and of administration are such that

under the facts stated in the complaint, it is impossible to prove
the will of the deceased debtor, or to have letters testamentary
or of administration issued here. If this concession is well
founded the result is that though there is to be found prop-
erty belonging to the deceased within this state, our citizens
who are his creditors have no means of obtaining payment of
their demands through the ordinary procedure for the admin-
istration of the assets of a decedent. I think that under such
circumstances equity will entertain a suit for the administration
of the property of the deceased which is situated here and apply
it to the payment of creditors. It is true that the plaintiffs in
this action have not put their claim into judgment. I do not
think it was necessary that they should have done so. It is also
true that the claim accrued several years before the death of the
debtor, but *during that time* the debtor was a non-resident.
Unless the plaintiffs could serve the debtor within this state,
they could not get any personal judgment against him, nor
were they bound to follow their debtor into foreign jurisdic-
tions. The debt was contracted here, and both the plaintiffs
and their debtor were residents of this state at the time
Even if they had obtained a judgment against their debtor in
a foreign jurisdiction, before they could attack any fraudulent
conveyance it would be necessary for them to have recovered
a new judgment here on the foreign judgment. (*Tarbell* v.
*Griggs*, 3 Paige, 207 ; *Davis* v. *Bruns*, 23 Hun, 648 ; *Rocky
Mt. Nat. Bank* v. *Bliss*, 89 N. Y. 338.) But the plaintiffs
would have the same difficulty in obtaining a personal judg-
ment in this state when they sued on a foreign judgment as
they would have had in suing on the original debt. Nor
should the plaintiffs be compelled to resort to the jurisdiction
of a foreign administration. It may be that they would find
their debt outlawed in that jurisdiction. Therefore, if it
should be considered that the plaintiffs must have the same
status as is required by a creditor seeking to set aside a fraudu-
lent conveyance, it is apparent that none of the courses sug-
gested would have helped them.

The question is not whether the plaintiffs can maintain an

action to set aside a fraudulent conveyance, but whether they may maintain one for administration of the estate. The leading case in this state on the subject is *Thompson* v. *Brown* (4 Johns. Ch. 619), where Chancellor Kent, after an exhaustive review of the English authorities, held that equity would entertain an action by a contract creditor *against an executor* for the administration of the estate and the payment of the debts of the deceased, but that the action must be brought on behalf of all the creditors. The authority of this case has never been questioned and it has been followed in other states. In *Peterson* v. *Poignard* (6 B. Mon. 570) the facts were quite similar to those in the present case. The debtor left the state and died. No administrator of his estate was appointed. The plaintiff, a creditor, brought a bill in equity to reach the assets of the debtor in the state. The bill was sustained, the court saying: "The want of an administrator, instead of rendering him powerless, may be the very ground on which in cases where no one can be charged at law as executor *de son tort*, the chancellor may be bound to interpose his power, as furnishing the only practical means of relief." *Hefferman* v. *Forward* (Id. 567) is to the same effect, the court giving as an additional reason for the interposition of equity : " Besides, the personalty might, in the meantime, be sent out of the state to the nonresident heirs, or the debt paid over to them or to some foreign administrator, and the fund, which should be made liable to the creditors here, escape from the power and jurisdiction of the Chancellor." In *Cameron* v. *Cameron* (82 Ala. 392) there had been no administration upon the estate of the debtor. A bill in equity was sustained against the widow and children to satisfy the plaintiff's claim out of the estate of the debtor which had come into their hands.

It is to be borne in mind that in the ordinary administration of estates, creditors are not obliged to put their claims into judgment, unless they are rejected by the administrator, and now the validity and amount of such claims may by consent of the parties be adjudicated by the surrogate, instead of in an action. So also a simple contract creditor may apply

for the appointment of an administrator of the estate by the surrogate. Therefore, the rule which obtains with so much strictness in actions to set aside fraudulent conveyances and in creditors' bills that the plaintiff must have exhausted his remedy at law by the recovery of a judgment and the issue of an execution thereon, does not apply to an action for the administration of the estate of a decedent. There are also other cases in which the rule does not obtain. (*McCartney* v. *Bostwick*, 32 N. Y. 53.) But I am of opinion that the present action was properly disposed of by the courts below. *1st.* Because the suit should have been brought on behalf of all the creditors for a ratable distribution of the estate in satisfaction of their respective claims. *2nd.* Because to the action either the foreign executor or the persons beneficially interested in the estate, either as legatee or next of kin, are necessary parties. It is not the law that in no case can a suit be maintained against a foreign executor. Ordinarily a suit at law will not lie, but an action in equity will often be sustained. (*Johnson* v. *Wallis*, 112 N. Y. 230. See, also, *Hopper* v. *Hopper*, 53 Hun, 394; affd., 125 N. Y. 400.)

The judgment appealed from should be affirmed, with costs.

Gray, J. I think that the courts below were right in sustaining the demurrer to this complaint. As the case is presented, simple contract creditors of a non-resident decedent seek a judgment against the executors of an estate, in which their deceased debtor had an interest, which shall establish their claim as such creditors and decree it to be a lien upon the estate proceeded against. It is not alleged that the plaintiffs have ever sought to establish and to enforce their claim against their debtor, or against his estate, and we must assume, his will having been probated, that there was some one qualified to execute it, or to administer upon his estate. This action is an appeal by the plaintiffs to the equitable power of the court and must rest, if at all, upon the inadequacy of the law to afford relief. In the absence of any repre-

sentative of their debtor, or of his estate, as a party to the action, it is not clear how any decree can be binding upon that estate as to the indebtedness alleged. The executors of Edward Weston, who are defendants, notwithstanding Walter Weston had an interest in their estate, owed no duty, and were under no liability, to the plaintiffs, whatever. They have no interest in any controversy over the existence, or amount, of the debt and are concerned, only, with the administration of their testator's estate and with its distribution according to the surrogate's decree. Had the plaintiffs' claim been reduced to judgment and thus established at law; or were the debtor's estate so represented in the action that a decree would be binding upon it, the situation would be quite different and the defendant executors might be protected in complying with the decision of the court. However great the power of a court of equity to prevent failure in the administration of justice, it will not act in contradiction of legal principles; for equity follows and assists the law. Where, upon the facts, relief is due, but a court of law cannot grant it adequately, or, under the circumstances, at all, then the power of a court of equity may, often, be ample to afford relief. The exercise of its power in behalf of a creditor 's usual where the plaintiff has established his claim by a judgment and has exhausted his remedies at law. It has long been settled upon authority that the creditor's debt should be ascertained by judgment before proceeding in equity. (See *Estes* v. *Wilcox*, 67 N. Y. 264; *Adsit* v. *Butler*, 87 ib. 585; *Nat. Tradesmen's Bank* v. *Wetmore*, 124 ib. 241; *Hadden* v. *Spader*, 20 Johns. 554.) Where he presents himself upon that footing, the power may be ample to decree satisfaction of the debt out of property, which an execution could not reach; as, for instance, an equitable interest of the debtor. The arm of equity is powerful in cases of frauds and of trusts. It reaches property disposed of in fraud of creditors, or equitable interests, which should be applied upon the beneficiary's debt. While such intervention is, as a rule, limited to cases, where there have been the recovery of a judgment and the return of an execu-

tion unsatisfied, the rule has its exception where the situation is such as to render it impossible for the creditor to take those preliminary steps. As it was said in *National Tradesmen's Bank* v. *Wetmore* (*supra*), "this rule is not so unrelenting as to deny to a party the interposition of the equity powers of the court when the situation is such as to render impossible the aid of a court of law to there take the preliminary steps and produce what ordinarily may be treated as the condition predecent to the application for equitable relief." (p. 249.) In that case, the plaintiff, as a creditor of Wetmore, sought to set aside, as fraudulent, a deed by the latter to his wife of land in this state; making her the defendant. The plaintiff was a bank in the state of Connecticut, and Wetmore was a resident of that state. Wetmore had made an assignment for the benefit of creditors to a resident of the same state. Plaintiff brought actions upon its claims against Wetmore; who died while they were pending. Its efforts to revive the actions against an administrator failed under a law of Connecticut, which, upon the ground of the pendency of insolvency proceedings, permitted the filing of a plea in abatement. "The case presented is one," it was said, "in which the plaintiff could recover upon his claim no judgment entitling him to have an execution issued and returned. It is not, therefore, a case within the contemplation of the statute relating to creditor's actions, and the support of the action is dependent upon the common law powers of a court of equity." (p. 250.) The case is referred to as an illustration of when equity will relieve from a situation, in which the creditor, having exhausted every legal remedy, finds himself without a judgment and, without fault, or laches, on his part, unable to proceed further in preparing the way to an equitable cognizance of his case. Section 1871 of the Code of Civil Procedure, which authorizes an action against the judgment debtor to compel a discovery of his property, etc., after an execution has been returned wholly, or partly, unsatisfied, is not exclusive. Neither that section, nor the statute from which taken, (2 R. S. 173, sec. 38), operated to repeal or curtail the common-

law equity powers of the court to investigate the conduct of debtors and to grant relief. (*Nat. Tradesmen's Bank* v. *Wetmore, supra.*) The rule, which demands the exhaustion by the creditor of his legal remedies, is one adopted in regulation of the exercise of the equitable jurisdiction of the court and should not be departed from; unless the facts are such as to justify the departure through the obvious necessity of the case.

Turning to the facts set forth in this complaint, I think that they appear to be altogether insufficient to justify the court in granting the relief prayed for. The fact alleged of the denial of an application to the surrogate of New York county for the probate of the non-resident debtor's will, upon which argumentative inferences are based, is not enough. The defendants were under no obligation to establish Walter Weston's will in this state and if the plaintiffs were unable to procure its probate here by reason of inability to produce the paper propounded as the will, as it is said, or for any other reason, that is not of itself a sufficient allegation of fact upon which to move the equitable intervention of the court. It is not alleged that the plaintiffs were unable to put their claim in judgment during the nine years that their debtor was living. or that they attempted to prove it as against the executors of his will during the four years after his death. They have brought the action on the equity side of the court, without it appearing that they have exhausted all their remedies at law, and ask that their claim be established, and be ordered paid, as against parties, who were under no obligation to pay it and who do not represent the debtor, or the estate to be bound by the claim. Surely the intervention of a court of equity would be unwarrantable in such a case, when the reason appearing for it is so scant and when the conclusiveness of its decree would be doubtful, to say the least.

For these reasons, I advise affirmance of the judgment.

HAIGHT, WILLARD BARTLETT and CHASE, JJ., concur with CULLEN, Ch. J.; HISCOCK, J., concurs with GRAY, J.

Judgment affirmed, with costs.