of the Protestant Episcopal church, to enter upon and hold church property and officiate therein as such a minister after the expiration of the term for which it is claimed by the plaintiff the defendant was employed. The Special Term rendered a judgment in favor of the plaintiff upon the merits, after trial, enjoining and restraining the defendant from performing ministerial functions in said church, from entering upon the property of said church for the purpose of officiating at said church as minister, and from interfering with the plaintiff and its rector in conducting divine worship and other religious work in said church.

*George Gordon Battle* and *Lanman Crosby* for appellant. *Albert Ritchie* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.

---

GEORGE T. ROGERS et al., Suing on Behalf of Themselves and Other Stockholders, Appellants, *v.* GEORGE J. GOULD et al., Defendants.

KINGDON GOULD et al., as Executors of GEORGE J. GOULD, Deceased, Respondents.

*Executors and administrators — parties — jurisdiction — Supreme Court without power to bring in foreign executors, without their consent, as parties defendant in place of their testator in an action pending in this State at his death.*

*Rogers* v. *Gould*, 210 App. Div. 15, affirmed.

(Submitted January 27, 1925; decided February 25, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1924, which reversed an order of Special Term granting a motion for an order substituting the executors of George J. Gould, deceased, in the place and stead of their testator as a defendant in this action and continuing the action against them.

The following question was certified: " Did the court

at Special Term have power to substitute the executors of the last will and testament of George J. Gould appointed by the Orphans' Court of New Jersey, where his will was probated, as parties defendant herein, without their consent, in place of the testator, pursuant to the proceedings instituted by the plaintiffs herein for that purpose, and to revive as against them this action, which at the time of the testator's death was pending in the Supreme Court of this State? "

*Gustavus A. Rogers, Abraham Benedict* and *Arthur M. Wickwire* for appellants.

*R. B. Knowles* for respondents.

*William Wallace, Jr.,* as *amicus curiæ,* intervener.

Order affirmed, with costs, question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: McLAUGHLIN, J.

---

In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Lands Required for the Improvement of the Water Front between Simonson Avenue, Clifton and Arrietta Streets, Tompkinsville, in the Borough of Richmond. (Staten Island Proceeding.)

FRANK C. MEBANE, as Receiver of SYMES FOUNDATION, INC., et al., Appellants; STAPLETON DOCK AND WAREHOUSE CORPORATION et al., Respondents.

*Real property — title — condemnation proceedings — New York city — title to lands under water of New York bay at Tompkinsville, Staten Island.*

*Matter of City of New York (Staten Island Proceeding),* 209 App. Div. 828, affirmed.

(Argued January 27, 1925; decided February 25, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 9, 1924, unanimously affirming a judgment of Special Term dismissing the claims of the appellants