Henry W. McMaster et al., as Receivers of the Wabash Pittsburgh Terminal Railway Company, Appellants, *v.* George J. Gould, Respondent, Impleaded with Others.

Constitutional law — statutes — abatement and revival — decedent's estate — executors and administrators — subdivision added to statute by amendment not necessarily repealed by implication because omitted in second amendment of same section — review by Court of Appeals on certified question not affected by statute passed after decision appealed from — executors and administrators hold assets of estate in fiduciary capacity — difference as to source of title — State may authorize action against foreign executor effective against ·property in this State — judgment in personam entered only when present in State as executor — statute amending section 160 of Decedent Estate Law so as to permit revival of suit against foreign representative invalid as violative of " due process " clauses of the Federal and State Constitutions.

1. Two acts passed at the same session of the Legislature may not be construed as inconsistent if they may fairly be read otherwise, and where it appears from their titles that, though both amend the same

statute, the two amendments relate to wholly different matters and are consistent, repeal of the former statute by the latter will not be implied simply because the subdivision added by the first was omitted from the second.

2. A statute passed after a decision by the Appellate Division cannot affect the review by the Court of Appeals of that decision upon a certified question. (_Robinson_ v. _Robins Dry Dock & Repair Co._, 238 N. Y. 271, distinguished.)

3. At the present day both executors and administrators hold the assets of the estate in a fiduciary capacity and the rights and liabilities of both in respect to the fund in their hands are like those of trustees. There remains, however, this essential difference as to the source of title, the foreign administrator exists only by virtue of the statute of another State, the executor's authority springs from the will and not from the letters testamentary.

4. Should this State see fit to recognize foreign letters testamentary as proof of an executor's authority, it might allow an action against him which would be effective against any property held by him here in his executorial capacity but he must be present in the State as executor before judgment _in personam_ can be entered against him.

5. Chapter 253 of the Laws of 1925 amending section 160 of the Decedent Estate Law, the purpose of which is to permit the revival of suit against a foreign representative for a judgment _in personam_ without restriction or qualification which draws no distinction between executors and administrators and does not discriminate between a case where there are assets and one where there are no assets, between an attempt to reach assets and an attempt to get a general judgment _in personam_, is, therefore, invalid. The constitutional requirement of due process of law precludes the Legislature from providing generally for continuing actions for judgments _in personam_ against the foreign executors or administrators of deceased defendants and the statute, in permitting the revival of all pending actions by bringing in foreign executors of deceased defendants, if the cause of action survives, goes too far to permit separation of the good from the bad. (_Helme_ v. _Buckelew_, 229 N. Y. 363, followed.)

6. A suggestion that no harm would be done in allowing judgment to be entered in New York in all such cases cannot be sustained. The very act of fixing without a hearing by judicial action a sum due would in and of itself be repugnant to the due process clause.

_McMaster_ v. _Gould_, 210 App. Div. 806, affirmed.

(Argued November 25, 1924, decided July 15, 1925.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered July 2, 1924, which reversed an order of Special Term granting a motion to substitute the executors of George J. Gould in his place and stead as parties defendant in this action and denied said motion. The following question was certified: " Did the court at Special Term have power to substitute the executors of the last will and testament of George J. Gould, deceased, appointed by the Orphans' Court of New Jersey where his will was probated, as parties defendant herein without their consent, in place of their testator, pursuant to the proceedings instituted by the plaintiffs herein for that purpose, and to revive as against the executors this action, which at the time of testator's death was pending in the Supreme Court of this State? " (See 239 N. Y. 606; 240 N. Y. —.)

*Louis Marshall* for appellants. The action instituted against George J. Gould by the plaintiffs to require him to account as a trustee and as one of the managers of the Pittsburgh and Toledo Syndicate, is one that survived upon his death. (*Allen* v. *Luke,* 163 Fed. Rep. 1018; *Dodd* v. *Wilkinson,* 41 N. J. Eq. 566; *O'Brien* v. *Blant,* 17 App. Div. 288; *Pierson* v. *Morgan,* 52 Hun, 611; 121 N. Y. 705; *Lovejoy* v. *Bailey,* 214 Mass. 134; *Wineburgh* v. *U. S. R. R. Adv. Co.,* 173 Mass. 60; *Halstead* v. *Cockcroft,* 8 J. & S. 519; *Hazard* v. *Durant,* 19 Fed. Rep. 471; *Wynne* v. *Tallapoosa Co. Bank,* 168 Ala. 469.) The cause of action against Gould being one that survived and continued after his death and not having abated in consequence thereof, it necessarily follows that the plaintiffs are entitled to have it revived against the personal representatives of the deceased defendant. (*McKnight* v. *Craig,* 6 Cranch, 187; *Clarke* v. *Mathewson,* 12 Pet. 163; *Patton* v. *Brady,* 184 U. S. 608.) Since proceedings for revival are not the commencement of a new action, but merely as in this case the continuance of one pending at the time of Gould's death, over which the courts of this

State had full jurisdiction, the right to bring in his per-sonal representatives is not dependent upon considera-tions applicable to the commencement of a new action. Hence the statute of 1925 constitutes "due process." (*Nations* v. *Johnson*, 24 How. [U. S.] 195; *Pennoyer* v. *Neff*, 95 U. S. 735; *Michigan Trust Co.* v. *Ferry*, 228 U. S. 353.) The provision added to section 160 of the Decedent Estate Law by chapter 253 of the Laws of 1925, in unmistakable terms deals with the precise situa-tion which exists in this case. (*Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *Metropolitan El. R. R. Co.*, 145 N. Y. 581; *Matter of Stickney*, 185 N. Y. 107; *Matter of Davis*, 149 N. Y. 539; *Peace* v. *Wilson*, 186 N. Y. 403; *Laird* v. *Carton*, 196 N. Y. 169; *Guilford* v. *Cooley*, 58 N. Y. 116; *Matter of Grove*, 64 Barb. 526; *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Danforth* v. *Groton Water Co.*, 178 Mass. 472; *Dunbar* v. *Boston & Providence R. R. Corp.*, 181 Mass. 383.) Chapter 253 of the Laws of 1925 is constitutional and does not deprive the New Jersey executors of George J. Gould of due process of law within the meaning of the Fourteenth Amendment. (*Nations* v. *Johnson*, 24 How. [U. S.] 195; *Pennoyer* v. *Neff*, 95 U. S. 73; *Michigan Trust Co.* v. *Ferry*, 228 U. S. 353; *Robinson* v. *Robins Dry Dock & Repair Co.*, 228 N. Y. 271; *Danforth* v. *Groton Water Co.*, 178 Mass. 472; *Matter of Grove*, 64 Barb. 526; 53 N. Y. 645.) Neither is chapter 253 of the Laws of 1925 uncon-stitutional as impairing the obligation of a contract or as depriving the defendants of any vested right. (*Brearley School* v. *Ward*, 201 N. Y. 358; *Kittel* v. *Domeyer*, 175 N. Y. 205.)

*William Wallace, Jr.,* for respondent. Paragraph 2 of chapter 253 of the Laws of 1925 — "the new law" relied on by appellants — ceased to exist on April 11, 1925. (*Columbia Wire Co.* v. *Boyce*, 104 Fed. Rep. 172; *Wilkinson* v. *Kittler*, 59 Ala. 306; *Harper* v. *State*, 19 So.

Rep. 857; *People* v. *Canvassers*, 143 N. Y. 84.) Because passed after the decision of the Appellate Division, paragraph 2 of chapter 253 of the Laws of 1925 cannot affect this court's review of that decision. (*Delaney* v. *Brett*, 51 N. Y. 81; *Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131; *Miss. Shipbuilding Corp.* v. *Lever Bros. Co.*, 237 N. Y. 565; *Matter of Reynolds*, 202 N. Y. 430; *Conley* v. *Huntoon*, 92 Atl. Rep. 865.) The provision of the statute is unconstitutional. (*Conley* v. *Huntoon*, 92 Atl. Rep. 865; *Lyon* v. *Park*, 111 N. Y. 350; *Sloan* v. *Sloan*, 21 Fla. 586; *Kropff* v. *Poth*, 19 Fed. Rep. 200; *Dierle* v. *Blauvelt*, 49 N. J. L. 114; *Cocks* v. *Varney*, 42 N. J. Eq. 514; *Babbitt* v. *Fidelity Trust Co.*, 70 N. J. Eq. 651.)

POUND, J. This is an action to recover a judgment *in personam*. The motion is for leave to continue the action against foreign executors of a deceased defendant. The executors are not domiciled in this State and the purpose of the action is solely to establish the personal liability of defendants. After our decision herein was handed down to the effect that the action could not be continued, chapter 253 of the Laws of 1925 took effect. It amends section 160 of the Decedent Estate Law by adding a subdivision thereto which reads as follows:

" 2. An action or proceeding pending in any court of this state in which the court shall have obtained jurisdiction of the person of a defendant or respondent who is domiciled in any other state, territory or district of the United States or in any foreign country shall, if the cause of action survives, not abate by reason of the death of such defendant or respondent, but his executor or administrator duly appointed in such state, territory or district of the United States or foreign country, shall, upon the application of the adverse party, and upon such notice as the court may prescribe, be brought in and substituted in the place of the decedent and the action or proceeding shall continue."

Re-argument in the light of the new statute was there-
upon allowed.

We held in *Helme* v. *Buckelew* (229 N. Y. 363) that
section 1836-a of the Code of Civil Procedure was not
to be construed to remove the immunity of foreign
executors or administrators from action in this State.
In the current case the same rule was applied when it
was sought to continue an action against the personal
representatives of a deceased defendant, no satisfactory
distinction being found between starting a suit and con-
tinuing it. The question of the constitutionality of a
statute which in terms permitted suit to be brought or
continued against foreign executors and administrators
was not presented, but it is now presented.

The respondent urges that we may not reach that
question in this case.

1. It is contended that as the subdivision added to
section 160 by chapter 253, Laws 1925, was omitted
from the later amendment of the same section by chapter
603, Laws 1925, it was by implication repealed. The two
acts passed at the same session may not be construed as
inconsistent if they may fairly be read otherwise. (*People
ex rel. Chadbourne* v. *Voorhis*, 236 N. Y. 437, 444.) They
may be fairly read otherwise. The title to chapter 253 is
as follows: " An act to amend the Decedent Estate Law,
in relation to suit by foreign executors and administrators
and continuing actions and proceedings against such execu-
tors and administrators." The title to chapter 603 is as
follows: " An act to amend the Decedent Estate Law, in
relation to proof required to enable a foreign executor or
administrator to sue and be sued in this state." It thus
appears that the two amendments relate to wholly differ-
ent matters, and are consistent and that repeal of the
former statute by the latter will not be implied.

2. It is contended that because passed after the decision
of the Appellate Division, paragraph 2, chapter 253
cannot affect the review by this court of that decision.

The case came to this court upon a certified question which reads as follows: " Did the court at Special Term have power to substitute  *  *  * pursuant to the proceedings instituted by the plaintiffs herein for that purpose? " This court reviews the question certified and no other. The question of the effect of chapter 253 was not discussed or considered. It is a new question presented for the first time in this court. The decision may not be invalidated by a statute passed subsequently. We cannot consistently, answer the question in the affirmative even though the constitutionality of the statute is upheld. In *Robinson* v. *Robins Dry Dock & Repair Co.* (238 N. Y. 271) we held that where a procedural statute, intended to be retroactive and to apply to pending litigation, is enacted after judgment and pending appeal the court may dispose of the case in accordance with the law as changed by the statute. But there the appeal was from a judgment and not on a certified question. If the court below was right when it certified the question it is still right.

Leaving procedural difficulties aside, the basic question is whether the statute (L. 1925, ch. 253) is constitutional. As re-argument was ordered on that question it should be answered. The rule to be applied is stated as follows: " Proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law." (*Pennoyer* v. *Neff*, 95 U. S. 714, 733.) The reasoning in *Helme* v. *Buckelew* (*supra*) clearly indicates that the law is unconstitutional as to foreign administrators. Following the leading case, consistency requires us to say that the statute registers a futile effort to bind foreign administrators by a judgment *in personam* and as to them is unconstitutional in its inception. The foreign administrator as the official of another sovereignty exists only by virtue of the statute of another State and has no legal existence in this State.

25

As to executors the point was saved in the leading case but was carefully considered by Cᴀʀᴅᴏᴢᴏ, J. He points to a distinction. " The only effect of probate in their case is to authenticate an existing title." But he asserts: " We are not referred to any precedent in any court of final review which upholds our right to say that the foreign executor as executor is present in New York when neither domicile nor possession gives to the *res* to be administered a situs in New York." (p. 369.)

We must now extend our decision to cover the point. The intimation of the court is clear. The executor as individual and as an official is in the theory of law two persons. Even as to foreign executors, there must be a domicile or possession which gives to the *res* to be administered a situs in New York. This conclusion seems inevitable. If we go back to the historic origin of the executor's position we find that he once took the assets in his own right. (" Executors in Earlier English Law " by Holmes, 9 Harvard Law Review, 42.) No reason could then be given why he should not be sued wherever he could be found. But at the present day both executors and administrators hold the assets of the estate in a fiduciary capacity. The will is the source of the executor's power and letters testamentary are evidence of his authority, but the rights and liabilities of· both executors and administrators in respect to the fund in their hands are like those of trustees. The wide distinction between the nature of the title of executors and administrators had disappeared but this essential difference 'as to the source of title remains: the foreign administrator exists only by virtue of the statute of another State; the executor's authority springs from the will and not from the letters testamentary. (*Dodd* v. *Anderson,* 197 N. Y. 466.) Should the State of New York see fit to recognize the foreign letters testamentary as proof of the executor's authority, it might allow an action against the foreign executor which would be

effective against any property held by him here in his executorial capacity. The situs of the assets would be the basis of jurisdiction. The executor would be here to administer his trust. But the purpose of the New York statute is to permit the revival of suit against the foreign representative for a judgment *in personam* without restriction or qualification. It does not discriminate between a case where there are assets and a case where there are no assets; between an attempt to reach assets and an attempt to get a general judgment *in personam.* The California executor traveling in New York might be served with a summons. The executor of a deceased party to an action, wherever domiciled, might be notified to appear and defend. The concept of a foreign non-resident executor without assets in this State as present in his fiduciary capacity is as difficult as the discarded concept of a foreign corporation as present in this State merely because one of its directors is found here. (*Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 189.) Regarding the foreign executor as a trustee rather than as an owner, even his presence in the State as an individual does not imply his presence as executor unless assets in the State or other trust duties to be performed here make his presence an incident of his fiduciary capacity and he must be present in the State as executor before judgment *in personam* can be entered against him.

To the suggestion that no harm would be done in allowing judgment to be entered in New York in all such cases, the answer is that the very act of fixing without a hearing by judicial action a sum due would in and of itself be repugnant to the due process clause. (*Riverside & Dan River Cotton Mills* v. *Menefee, supra.*)

The statute draws no distinction between executors and administrators. If it were wholly good as to executors, we might infer that the Legislature desired to go as far as possible in bringing into the jurisdiction the

foreign representatives of decedents' estates and hold it valid in part. On the other hand, we might infer that the legislative intent was to put executors and administrators on the same footing and then we should treat the statute as a whole in determining its validity. The trouble is that, in permitting the revival of all pending actions by bringing in foreign executors of deceased defendants, if the cause of action survives, it goes much too far to enable us to separate the good from the bad, whether we adopt one figment or the other. (*Pollock* v. *Farmers' L. & T. Co.*, 157 U. S. 429.)

It, therefore, follows that, on the authority of recent and persuasive *dicta* in *Helme* v. *Buckelew* (*supra*), as herein enlarged, the constitutional requirement of due process of law precludes the Legislature from providing generally for continuing actions for judgments *in personam* against the foreign executors or administrators of deceased defendants.

The order should be affirmed, with costs, and question answered in the negative.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CRANE J., concurs in result.

Order affirmed.