HAROLD F. DRISCOLL, Respondent, *v.* EMMA B. LOEB, as Executrix of FERDINAND LOEB, Deceased, Appellant.

First Department, December 14, 1945.

*Joseph E. Weil* appearing specially for appellant.

*Edward D. Burns* of counsel (*Saxe, Bacon & O'Shea*, attorneys), for respondent.

Cohn, J. The general rule is that a foreign executor or administrator cannot sue or be sued in his or her representative capacity within the State, save in exceptional cases, where it is essential to the administration of justice. (*Baldwin* v. *Powell,* 294 N. Y. 130, 133; *Helme* v. *Buckelew,* 229 N. Y. 363, 365; *Holmes* v. *Camp,* 219 N. Y. 359, 372; *De Coppet* v. *Conc,* 199 N. Y. 56, 61.) "The policy of the law is, that estates of decedents shall be settled as far as possible in one forum, not in a number. It is only where facts appear showing that the original forum will be unable to perform the duty incumbent upon it, that the courts of this State will intervene. They do so to assist, not to embarrass, the original forum." (*Collins* v. *Steuart,* 2 App. Div. 271, 283.)

Thus an equity suit for the purpose of determining the ownership of property within the jurisdiction has been held to be an exception to the general rule. (*Holmes* v. *Camp, supra,* 372.) However, mere presence of assets in this State does not of itself warrant the exercise of jurisdiction. (*Hill* v. *International Products Co.,* 198 App. Div. 591, 594, appeal dismissed 232 N. Y. 592.)

A court of equity will take jurisdiction over foreign representatives when "Either the foreign representative by a *devastavit* or other tort had put himself in the position of an individual wrongdoer * * *, or there was a *res* within the jurisdiction to be disposed of or preserved." (*Helme* v. *Buckelew, supra,* 368, Cardozo, J.; cf. also, *McMaster* v. *Gould,* 240 N. Y. 379, 387.)

The foreign executrix appellant here is not in the position of an individual wrongdoer nor is there any *res* within the jurisdiction to be disposed of or preserved. The action against her, in her representative capacity, is one at law to recover money damages for breach by her decedent of a contract to pay and satisfy a debt of the firm of which the decedent and plaintiff were members. The maintenance of an action at law against a foreign representative followed by the ordinary judgment *in personam* would serve only to embarrass the original forum and would conflict with our statutes regulating the distribution of estates. (*Helme* v. *Buckelew, supra,* 371, 372.) The purpose of the action here is not to compel an administration of the assets in this State nor to impress a trust or an equitable

lien upon them. It is not an action *in rem* or affecting the *res* as was *Holmes* v. *Camp* (*supra*). This is clearly not a case which falls within the exceptions.

The order should, accordingly, be reversed, with $20 costs and disbursements, and the service of the summons and complaint should be vacated and set aside.

MARTIN, P. J., and CALLAHAN, J., concur; TOWNLEY and GLENNON, JJ., dissent and vote to affirm.

Order reversed upon questions of law, with $20 costs and disbursements to the appellant, and the motion granted.