Mary Leighton, Plaintiff, *v.* Joseph A. Roper, as Administrator of the Estate of J. V. Allen, Deceased, et al., Defendants.

Supreme Court, Special Term, Monroe County, December 29, 1948.

*Melvin H. Zurett* for Joseph A. Roper, as administrator, defendant.

*Willard E. Purlee* for plaintiff.

VAN VOORHIS, J. Plaintiff was a passenger in an automobile driven by her husband, defendant Alfred E. Leighton, on February 16, 1946, on New York State Route 104. When this vehicle was at a point approximately one mile east of the village of Wallington, in the State of New York, the complaint alleges that it collided with an automobile operated by one J. V. Allen, a resident of the State of Indiana, and that the injuries which she sustained were caused by negligence on the part of the drivers of both vehicles. Mr. Allen has since died, and the defendant Joseph A. Roper is alleged to have been appointed his administrator in Indiana.

The present motion is made by Mr. Allen's administrator to dismiss the complaint as to him upon the ground that a personal action in the New York courts cannot be maintained against an administrator appointed by a court of another State in the absence of property in this State.

This principle is well established as a general proposition (*Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 N. Y. 379; *Rogers* v. *Gould,* 210 App. Div. 15, affd. 240 N. Y. 564). The question now presented is whether this case is removed from the application of that rule by the provisions of section 52 of the Vehicle and Traffic Law.

The material portions of that section state that " The operation by a nonresident of a motor vehicle or motor cycle in this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state * * * ; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues."

In this case service was made upon said defendant through the Secretary of State in the manner provided by that section, which has been held to give to a defendant such notice of the pendency of such an action as is required by due process of law (*Shushereba* v. *Ames,* 255 N. Y. 490).

The subsequent death of Mr. Allen would have been sufficient to deprive the New York courts of jurisdiction notwithstanding section 118 of the Decedent Estate Law except for the amendment to section 52 of the Vehicle and Traffic Law, added by chapter

719 of the Laws of 1945. This amendment provides: '' A nonresident operator or owner of a motor vehicle or motor cycle which is involved in an accident or collision in this state shall be deemed to have consented that the appointment of the secretary of state as his true and lawful attorney for the receipt of service of process pursuant to the provisions of this section shall be irrevocable and binding upon his executor or administrator. Where the nonresident motorist has died prior to the commencement of an action brought pursuant to this section, service of process shall be made on the executor or administrator of such nonresident motorist in the same manner and on the same notice as is provided in the case of a nonresident motorist. Where an action has been duly commenced under the provisions of this section by service upon a defendant who dies thereafter, the court must allow the action to be continued against his executor or administrator upon motion with such notice as the court deems proper.''

Since the language of this statute clearly purports to authorize the prosecution of this action against the administrator of Mr. Allen, he is obliged to contend that this amendment to the statute is invalid in order to obtain a dismissal of the action.

The decisions lead to no such conclusion. In *Helme* v. *Buckelew* (*supra*), the constitutional question was not decided. It was held that section 1836-a of the former Code of Civil Procedure, under principles of comity, should be construed to permit a foreign executor or administrator to sue in the courts of this State, but without abridging the immunity of such an officer to suit in this State. Although the constitutional question was considered, and may have had an effect in leading to this interpretation of that section, the case was decided in the field of statutory construction.

*McMaster* v. *Gould* (*supra*), five years later, passed directly upon the constitutional question which had been discussed in *Helme* v. *Buckelew* (*supra*). It was presented by an amendment to section 160 of the Decedent Estate Law which provided specifically that once a court shall have obtained jurisdiction of the person of a nonresident defendant, if the cause of action survives, the action shall not abate by reason of the death of such defendant, but may be continued against his executor or administrator. The *McMaster* case held that statute to be unconstitutional, inasmuch as it did not distinguish between instances where property of such a deceased defendant was or was not situated in this State. In arriving at the conclusion

that due process of law is denied by a statute which renders the estate of a nonresident decedent personally liable in the courts of New York State, in the absence of any property in this State, the Court of Appeals cited *Pennoyer* v. *Neff* (95 U. S. 714, 733), as the controlling authority. The institution or continuance of an action against such a foreign fiduciary under those circumstances, where the fiduciary estate has no situs in this jurisdiction, was held to be equivalent to obtaining personal judgment against a nonresident defendant without attachment of property and without personal service in this State.

This reasoning, as applied to the present action, would have greater force had it not been decided in courts of the highest authority that under this or similar statutes there is no infraction of the doctrine of *Pennoyer* v. *Neff* (*supra*) in obtaining a personal judgment against a nonresident motorist who is without property in this State, since by entering the State with his motor vehicle he has consented to the rendering of a personal judgment against him pursuant to section 52 of the Vehicle and Traffic Law. In *Hess* v. *Pawloski* (274 U. S. 352), it was stated: "The State's power to regulate the use of its highways extends to their use by non-residents as well as by residents. (*Hendrick* v. *Maryland*, 235 U. S. 610, 622.) And, in advance of the operation of a motor vehicle on its highway by a nonresident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. (*Kane* v. *New Jersey*, 242 U. S. 160, 167.) That case recognizes power of the State to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served. (Cf. *Pennsylvania Fire Insurance Co.* v. *Gold Issue Mining Co.*, supra, 96; *Lafayette Ins. Co.* v. *French*, 18 How. 404, 407–408.) The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the Fourteenth Amendment." The Supreme Court of the United States distinguished the power of a State to exclude a nonresident from the highways from the power of a State to exclude foreign corporations, which latter power is not absolute but qualified, since a State may not withhold from nonresident individuals the right to do business therein (p. 355). That would appear to distinguish *Matter of National Surety Co.* (*Laughlin*) (283 N. Y. 68), where a foreign judgment against a domestic insurance company in liquidation was

involved. Furthermore, the statute of Mississippi, in the case last cited, did not purport to render the National Surety Company (a New York corporation) liable *in personam* in the courts of Mississippi after its corporate existence had ceased in the State of its creation. There is a manifest difference between the *National Surety Company* case and the present. Since the power is absolute to exclude a nonresident motorist unless he waives the immunity to personal action which he or his personal representatives would otherwise enjoy, after he has departed from the State, section 52 as amended in 1945 makes the voluntary act of a nonresident motorist in entering the State constitute an election to submit to such a waiver.

The holding in the *Hess* case was thus characterized in *Wuchter* v. *Pizzutti* (276 U. S. 13, 18): " We have also recognized it to be a valid exercise of power by a state, because of its right to regulate the use of its highways by non-residents, to declare, without exacting a license, that the use of the highway by the non-resident may by statute be treated as the equivalent of the appointment by him of a state official as agent on whom process in such a case may be served."

In *Shushereba* v. *Ames* (255 N. Y. 490, 492, *supra*), it was said: " True, the defendant did not expressly appoint the Secretary of State her attorney, but, under the statute, operation of a motor vehicle within this State by a nonresident ' shall be deemed a signification of his agreement that any such summons * * * which is so served shall be of the same legal force and validity as if served on him personally within the State ' ".

In analyzing the cases cited to preclude the maintenance of this action against a nonresident administrator, it is necessary in order to understand them to go back to the principle on which they were decided. Immunity of foreign executors and administrators to suit in our courts for the sake of convenience and expediency in the orderly administration of estates, is related to the principle of comity between States and with other countries. Comity is a matter of public policy, which is proclaimed by the Legislature, where there is a statute upon the subject, otherwise ordinarily by the courts (*Waddey* v. *Waddey,* 290 N. Y. 251). The Legislature may change a rule based on comity, which is not protected by the State or Federal Constitutions. Section 52 of the Vehicle and Traffic Law, as amended by chapter 719 of the Laws of 1945, overrides any argument for the defendant administrator founded on comity, by providing that the appointment of the Secretary of State as the true and lawful

attorney of a nonresident motorist for the receipt of service of process "shall be irrevocable and binding upon his executor or administrator." This leaves no room for the interpretation or exposition of public policy by the courts, and destroys any argument of the defendant administrator which could be based on expediency and convenience in the orderly administration of estates founded on public policy as outlined in *Helme* v. *Buckelew* (*supra*). The Legislature has declared the public policy of this State in this matter to be otherwise.

Reverting to the question of constitutionality, which here alone is involved, it is necessary to bear in mind that an individual may waive a constitutional right intended for his private benefit. (*Musco* v. *United Surety Co.*, 196 N. Y. 459; *People* v. *Gowasky*, 244 N. Y. 451, 463.) The requirement of due process established by *Pennoyer* v. *Neff* (*supra*) can be and frequently is waived, for example, by nonresident defendants who could not be served within the State by entering general appearances in actions pending in this State . Many a nonresident defendant has thus been subjected to personal liability which could not have been enforced against him constitutionally by constructive service of process. (*Henderson* v. *Henderson*, 247 N. Y. 428.)

An advance waiver and consent to jurisdiction of the person is given by a nonresident under section 52 of the Vehicle and Traffic Law, by the act of operating a motor vehicle within New York State. If a nonresident can elect by such conduct thus to subject his person to the territorial jurisdiction of this State in the absence of any property located here, there is no constitutional barrier to his electing irrevocably to do so in behalf of his executors or administrators. Such officers are bound by contractual engagements entered into by their decedents which are intended to apply to them. Under the 1945 amendment to section 52, by entering upon our highways with his automobile, a nonresident *ipso facto* agrees to bind his executors and administrators as well as himself. The case of *Vecchione* v. *Palmer* (249 App. Div. 661) is not in point since it was decided prior to this amendment.

The discussions of the constitutional question in *Helme* v. *Buckelew* (229 N. Y. 363, 371, *supra*), in *McMaster* v. *Gould* (240 N. Y. 379, 385, *supra*) and *Rogers* v. *Gould* (210 App. Div. 15, 21, affd. 240 N. Y. 564, *supra*), which are the leading cases, have no relation to this section of the Vehicle and Traffic Law, and all turn upon the absence of any *res* belonging to the decedent's estate within our territorial jurisdiction, thus indicating that the

reason on account of which a decedent's estate cannot be subjected to personal liability is the same as in the case of a living nonresident, who cannot without his consent be cast in personal judgment on constructive service. Such a rule can have no application to either a nonresident or his personal representatives, where such a person has, by affirmative action in operating a motor vehicle on the highways of this State, consented and agreed by virtue of this statute to bind himself and his executors or administrators in case of damage arising from accident resulting from his negligence. It was so held in *Oviatt* v. *Garretson* (171 S. W. 2d 287 [Ark.]).

This conclusion is the more reasonable since, as pointed out in the 1944 Report of the Judicial Council recommending the adoption of the 1945 amendment, "the more serious the accident in which the nonresident was involved, the more likely it will be that death will have resulted," and if the executor or administrator of such a nonresident could not be sued here, "it is obvious that in those cases where the remedy granted by section 52 of the Vehicle and Traffic Law would be most efficacious, the statute may be rendered ineffective by the subsequent death of the nonresident motorist." (P. 253.)

The motion by the defendant Joseph A. Roper, as administrator of the estate of J. V. Allen, to dismiss the complaint against him is denied, with $10 costs.