COUNTY OF SARATOGA, Respondent, *v.* SARATOGA HARNESS RACING ASSOCIATION, INC., Appellant.

Third Department, March 27, 1958.

*John R. Davison* for appellant.

*John W. Nichols* for respondent.

BERGAN, J. The question raised on this appeal is the power of the County of Saratoga to enact an admissions tax on defendant's harness horse race meeting in the city of Saratoga Springs. The existence of this power depends on a reading together of two statutes enacted in 1954 at the same session of the Legislature.

One statute vested the power in the county; and it is to be determined whether the second one took the power away. This action is maintained by the county to collect from the defendant a little over $43,000 in taxes by virtue of the statute under which the power to tax was granted; and judgment has gone for the county at Special Term.

The original statutory enactment on which this controversy centers was part of chapter 148 of the Laws of 1952, which provided (§ 1, subd. 1, par. [a]) that any county not wholly within a city was given power to enact laws "in accordance with the provisions of this act" imposing a tax on general admissions at harness horse race meetings "conducted in such county outside a city".

It is not in dispute that under that original statute Saratoga County could not impose the tax on defendant's admissions for a race meeting held in the city of Saratoga Springs since it was not "outside a city".

The following year this subdivision was amended (L. 1953, ch. 334) to provide that a county could tax meetings held partly outside and partly within a city having a population not in excess of 100,000. The previous general exception to the county's power to tax was continued as to meetings held within a city, and it is not contended that plaintiff county could tax defendant by virtue of the 1953 amendment.

By chapter 245 of the Laws of 1954 the section was amended to permit a county to impose a tax on such race meetings within such county except race meetings "within a city having a population in excess of one hundred thousand". Since the City of Saratoga Springs did not have a population in excess of 100,000 it did not fall within that new exception; and thus Saratoga County literally qualified to impose a tax on meetings within Saratoga Springs under the statutory conditions thus enacted.

This statute became law on March 26. But three days later, on March 29, chapter 287 became law. This re-enacted exactly, as far as we are here concerned, the language of the subdivision as it had read after the 1953 amendment, i.e., it provided that a county could enact such a tax on meetings held "wholly outside a city or partly within and partly outside a city having a population not in excess of one hundred thousand". A change not here material was made. The adjective "general" before the noun "admissions" was stricken out.

Where there is no express repeal of an earlier statute by a later one, the two enactments under common canons of construction should be read together harmoniously if that be possible; and especially should this effort be made if the two enactments were made at the same session of the Legislature. "The two

acts passed at the same session may not be construed as inconsistent if they may fairly be read otherwise." (*McMaster* v. *Gould*, 240 N. Y. 379, 384.)

In that case it was found that the statutes could fairly be read as being consistent; but as POUND, J., who wrote the *McMaster* decision had noted in *People ex rel. Chadbourne* v. *Voorhis* (236 N. Y. 437, 444) cited in *McMaster*, although such statutes are allowed to stand together if they can be reconciled, " it is not the duty of the court to reconcile the irreconcilable nor to raise by implication and inference to the dignity of a solemn pronouncement of the legislature what is clearly attributable, not to deliberate intention, but to inadvertence or carelessness."

Here both statutes of 1954 were addressed to a purpose to amend an existing statute. Both enactments contained the introductory language, referring to the basic statute, that it is "hereby amended to read as follows: ". It has long been a settled rule of construction that in such a case there is a repeal by implication of inconsistent provisions of the former law, and of provisions omitted in the amended law. (*Matter of Prime*, 136 N. Y. 347, 355; cf. *Moore* v. *Mausert*, 49 N. Y. 332.) The test, of course, comes back again to one of consistency and reconcilability between the two.

These two enactments may not, in our judgment, be read consistently. One statute gives the County of Saratoga the power to impose a tax on a meeting within the city of Saratoga Springs; the other, and later enactment, by further amendment of the same subdivision does not give the county the power to tax within the city of Saratoga Springs. It takes a hard argument to spell out a consistency between two such statutes; and since they are plainly unreconcilable we must face squarely the result that even though enacted in the same legislative session the later enactment, which is the only safe guide we can find to legislative intent, is to be the controlling one.

This is not a case of powers, long granted and exercised, being taken suddenly away through an act which might be deemed inadvertent; the power had been granted only three days before the inconsistent statute was enacted which again circumscribed the power in the same respects in which it had been limited before the first 1954 amendment.

The order should be reversed and judgment granted for the defendant, without costs.

FOSTER, P. J., COON and GIBSON, JJ., concur.

Order reversed and judgment dismissing the complaint granted, without costs.