Chief Judge Conway.
Plaintiff (County of Saratoga) brought an action to recover admission taxes claimed to be due and owing by the defendant to the plaintiff in connection with a harness horse race meeting conducted by the defendant in Saratoga County during the months of June, July and August, 1957. The defendant’s motion to dismiss plaintiff’s complaint put in issue the statutory authority of the plaintiff to impose the tax in question. On this appeal, the answer to the question whether plaintiff had the requisite statutory authority to impose the tax turns on whether the later of two enactments by the 1954 Legislature effected an implied repeal of the earlier one.
*625 The pertinent portion of the basic statute, passed in 1952, provided as follows (L. 1952, ch. 148): “ any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing * * * a tax on general admissions to harness horse race meetings conducted in such county outside a city”. In 1953, the Legislature, by amendment (L. 1953, ch. 334), extended the power to impose the tax “ on general admissions to harness horse race meetings conducted in such county wholly outside a city or partly within and partly outside a city having a population not in excess of one hundred thousand ”. Since the Saratoga Raceway was located entirely within the city of Saratoga Springs (a city with a population of less than 100,000, located in Saratoga County), neither the basic statute nor the 1953 amendment afforded the plaintiff the authority and power to impose an admissions tax.
The 1954 Legislature passed two laws, both of which purported to be amendments to chapter 148 of the Laws of 1952, as amended by chapter 334 of the Laws of 1953. The Governor approved chapter 245 of the Laws of 1954 on March 26, 1954, and chapter 287 of the Laws of 1954 on March 29, 1954 — just three days later.
Chapter 245 of the Laws of 1954, entitled an Act “to amend chapter one hundred forty-eight of the laws of nineteen hundred fifty-two, entitled ‘ An act to enable certain counties and cities to impose a tax on admissions to harness horse race meetings and providing for the collection and administration of such tax,’ in relation to such tax in certain counties ” (emphasis added), provided, insofar as here material, as follows: “ any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing * * * a tax on general admissions to harness horse race meetings conducted in such county except race meetings conducted within a city having a population in excess of one hundred thousand.” It is clear that, under chapter 245 of the Laws of 1954, the plaintiff (County of Saratoga), being a county where harness horse race meetings were conducted wholly within a city with a population of less than 100,000, was given the authority and power to impose an admissions tax.
Chapter 287 of the Laws of 1954, entitled an Act ‘ ‘ to amend chapter one hundred forty-eight of the laws of nineteen hun *626 dred fifty-two, entitled 1 An act to enable certain counties and cities to impose a tax on admissions to harness horse race meetings and providing for the collection and administration of such tax,’ in relation to the imposition of such tax on all admissions ” (emphasis added), provided, insofar as here relevant, as follows (matter in italics is new; matter in brackets is old law to be omitted): “ (a) any county, except a county wholly within a city, is hereby authorized and empowered to adopt and amend local laws imposing * * * a tax on [general] admissions to harness horse race meetings conducted in such county wholly outside a city or partly within and partly outside a city having a population not in excess of one hundred thousand. * * * 2. For the purposes of this act, the term£ [general] admissions ’ shall mean [only] the [general or basic] admission charge required to be paid by patrons for admission to a harness race meeting [and shall not include any additional or other], including any charge required to be paid by such patrons for admission to the clubhouse or other special facilities within the race meeting grounds or enclosure at which the harness race meeting is conducted. ’ ’
It is clear that chapter 287 made no reference to chapter 245; it purported to apply only to chapter 148 of the Laws of 1952, as amended by chapter 334 of the Laws of 1953. Indeed, chapter 287 omitted any reference to that portion of chapter 245 which accorded to plaintiff the authority and power to impose an admissions tax. In that connection, chapter 287 simply reiterated the pertinent provisions of chapter 148 of the Laws of 1952 (the basic statute) as it read after it was amended by chapter 334 of the Laws of 1953. Actually, chapter 287 was designed to and did increase the tax base. Thus, prior to the enactment of chapter 287, the tax was to be imposed only on “general” admissions, which did not include £ ‘ any additional or other charge ” required to be paid by patrons ££ for admission to the clubhouse or other special facilities within the race meeting grounds ”. Chapter 287 deleted the term “general” and expressly declared that the term “ admissions ” (upon which the tax is imposed) shall include any and all additional charges “ for admission to the clubhouse or other special facilities within the race meeting grounds ’ ’.
*627 The general rule, that repeal by implication is not favored (Cimo v. State of New York, 306 N. Y. 143, 148-149), “ applies with peculiar force to statutes enacted at the same session of the Legislature ” (Board of Educ. v. Rogers, 278 N. Y. 66, 71). In that connection, it has well been said (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, pp. 416-417): “ While it is within the power of the lawmakers to repeal a law immediately after its enactment, it is not the usual practice to pass a repealing act at the same session of the Legislature. And, should the Legislature intend to repeal an act passed during the same session, it is reasonable to suppose that such intent would not be left to implication. The presumption is strong that the Legislature would not repeal an act which is fresh in their minds, without making an express reference to y. # # #
Viewing the statutes presently before us in the light of that strong inclination against repeals by implication, especially where, as here, the laws were enacted at the same legislative session, we believe that the case is controlled by the disposition made in McMaster v. Gould (240 N. Y. 379).
In the McMaster case (supra), upon the death of a defendant, the plaintiff sought leave to continue the action (in which the personal liability of the defendants was sought to be established) against the foreign executors of the deceased defendant. The 1925 Legislature passed two laws purporting to amend section 160 of the Decedent Estate Law. Chapter 253 of the Laws of 1925 added to section 160 of the Decedent Estate Law a new subdivision which, in substance, provided that an action pending in any court of New York in which the court shall have obtained jurisdiction of the person of a defendant who is domiciled in any other State shall, if the cause of action survives, not abate by reason of the death of such defendant, but his executor duly appointed in such State shall, upon the application of the adverse party, be brought in and substituted in the place of decedent and the action shall continue. Chapter 603 of the Laws of 1925, in amending section 160 of the Decedent Estate Law, dealt with the proof required to enable a foreign executor or administrator to sue and be sued in New York, but made no mention of or reference to chapter 253 of the Laws of 1925. The issue was *628 whether chapter 253 of the Laws of 1925 (permitting a continuance of the action against the foreign executor of a deceased defendant) had been impliedly repealed by chapter 603 of the Laws of 1925. Judge Pound, writing for our court, resolved the issue thus (McMaster v. Gould, supra, p. 384): “ The two acts passed at the same session may not be construed as inconsistent if they may fairly be read otherwise. (People ex rel. Chadbourne v. Voorhis, 236 N. Y. 437, 444.) They may be fairly read otherwise. The title to chapter 253 is as follows: ‘ An act to amend the Decedent Estate Law, in relation to suit by foreign executors and administrators and continuing actions and proceedings against such executors and administrators. ’ The title to chapter 603 is as follows: ‘ An act to amend the Decedent Estate Law, in relation to proof required to enable a foreign executor or administrator to sue and be sued in this state. ’ It thus appears that the two amendments relate to wholly different matters, and are consistent and that repeal of the former statute by the latter will not be implied.” (To the similar effect, see Commissioners of State Ins. Fund v. E. W. E. Realty Co., 188 Misc. 111, affd. 271 App. Div. 1002, affd. 297 N. Y. 635.)
So, in the present case, the two laws passed by the 1954 Legislature may not be construed as inconsistent for they may fairly be read otherwise. The title to chapter 245 of the Laws of 1954 expressly provided that the amendment was “in relation to such tax in certain counties ”. The title to chapter 287 of the Laws of 1954 provided that that amendment was “ in relation to the imposition of such tax on all admissions ’ ’. In keeping with its title, chapter 245 conferred the requisite authority and power upon the plaintiff (County of Saratoga) to impose an admissions tax. In keeping with its own title, chapter 287, by providing for the imposition of the tax on all admission charges (rather than merely on general admissions), increased the tax base. It is thus clear, as in the McMaster case (supra), “that the two amendments relate to wholly different matters, and are consistent and that repeal of the former statute by the latter will not be implied.” Each of the two amendments, therefore, should here be given independent and concurrent effect. Plaintiff (County of Saratoga), then, under chapter 245 of the Laws of 1954, had the requisite statutory authority to impose the admission taxes in question.
*629 The defendant, however, in further aid of its contention that chapter 287 of the Laws of 1954 impliedly repealed chapter 245 of the Laws of 1954, points to chapter 852 of the Laws of 1957. Under chapter 852, entitled an Act ‘ ‘ to amend chapter one hundred forty-eight of the laws of nineteen hundred fifty-two, entitled ‘ An act to enable certain counties and cities to impose a tax on admissions to harness horse race meetings and providing for the collection and administration of such tax,’ in relation to the imposition of a tax on admissions in cities having a population of one hundred thousand or less ” (emphasis added), a new paragraph, providing as follows, was added: “(c) Any city having a population of one hundred thousand or less is hereby authorized and empowered to adopt and amend local laws imposing * * * a tax on admissions to harness horse race meetings conducted wholly or partly in such city.” It is clear that, under chapter 852, the city of Saratoga Springs, being a city with a population of less than 100,000, was granted the authority and power to impose an admissions tax.
Defendant contends that chapter 852 of the Laws of 1957 (because it made no reference to chapter 245 of the Laws of 1954) constituted legislative recognition of the fact that chapter 287 of the Laws of 1954 impliedly repealed chapter 245 of the Laws of 1954.
We perceive of no merit in that contention.
The title to chapter 245 of the Laws of 1954 provided that it was “in relation to such tax in certain counties”. The title to chapter 287 of the Laws of 1954 provided that it was “ in relation to the imposition of such tax on all admissions ”. And, the title to chapter 852 of the Laws of 1957 provided that it was ‘‘ in relation to the imposition of a tax on admissions in cities having a population of one hundred thousand or less Under chapter 245, the plaintiff (County of Sara-toga) was given the authority and power to impose an admissions tax. Under chapter 287, the tax base was increased. And, under chapter 852, the city of Saratoga Springs was given the authority and power to impose an admissions tax. It is thus plain that the three statutes relate to wholly different matters and are not inconsistent. Each of them, therefore, should be accorded independent and concurrent effect (McMaster v. Gould, supra). Clearly, then, the failure of *630 chapter 852 of the Laws of 1957 to make reference to chapter 245 of the Laws of 1954 cannot constitute legislative recognition of the fact that chapter 287 of the Laws of 1954 impliedly repealed chapter 245. Chapter 852 of the Laws of 1957 simply had nothing to do with chapters 245 and 287 of the Laws of 1954.
The judgment of the Appellate Division should he reversed and the order of Special Term reinstated, with costs.
Judges Desmond, Dye, Fund, Froessel, Van Voorhis and Burke concur.
Judgment reversed, etc.