**Henry MESSNER, Plaintiff,**

**v.**

**Jac W. WYTE, Defendant.**

United States District Court
S. D. New York.

June 24, 1963.

Louis G. Greenfield, New York City, for plaintiff.

Henry M. Katz, New York City, for defendant.

METZNER, District Judge.

The executrix of the deceased plaintiff moves pursuant to Fed.R.Civ.P. 25(a) (1) to be substituted as plaintiff in this action. Jurisdiction rests on diversity, plaintiff having been a citizen of New Jersey and defendant a citizen of New York. The movant was appointed in New Jersey as executrix of plaintiff's estate. She has not applied for ancillary letters in this state.

Rule 25(a) (1) provides:

"If a party dies and the claim is not thereby extinguished, the court * * * may order substitution of the proper parties."

Defendant, in opposing this motion, relies on Fed.R.Civ.P. 17(b), which provides that the capacity of an executor to sue shall be determined by the law of the state in which the district court is held.

Rule 25 is not to be confused with rule 17(b), upon which the defendant places great reliance. The former treats of "Substitution", while the latter treats of "Capacity to Sue", and the rules are separate and distinct. Jones v. Schellenberger, 196 F.2d 852 (7th Cir.), cert. denied, 344 U.S. 876, 73 S.Ct. 171, 97 L. Ed. 679 (1952).

We are dealing here with the revivor of actions *by* foreign executors in federal courts. Recently the Court of Appeals for this circuit dealt with revivor and rule 25 when a plaintiff sought to substitute a foreign administratrix *as party defendant*. Iovino v. Waterson, 274 F. 2d 41 (2d Cir. 1959), cert. denied, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960). The court held that the rule permits the substitution of personal representatives of nonresident defendants in a diversity case, that the rule does not violate the due process clause of the Fifth Amendment, and that the application of this rule in a state that has not permitted such substitution does not go beyond federal legislative power.

This case presents a much easier problem than Iovino, supra. Here, substitution of a party plaintiff is sought, not substitution of a party defendant which presents constitutional questions. See McMaster v. Gould, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792 (1925) (revivor), decided on the authority of Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216 (1920) (capacity to sue).

Secondly, it now appears that New York will permit the substitution of a foreign representative as a party plaintiff, but not as a party defendant. Thus, defendant's reliance on rule 17(b) is misplaced.

The law of New York has moved back and forth over the years as to whether a foreign executor may sue or be sued in the New York courts.[1] In the Helme case, supra, the court was dealing with *capacity to be sued* and held that jurisdiction was not obtained over a foreign executrix by personal service of the summons within New York. At that time

---

1. For a general discussion, see 17 Judicial Council Ann.Rep. 157 et seq. (1951).

the New York law provided (Code of Civ.Proc. § 1836a, Laws 1911, ch. 631) that an executor could sue or be sued in any court in New York in his capacity of executor in like manner and under like restrictions as a nonresident could sue or be sued. However, in dicta the court referred to the *capacity to sue* under this statute when Judge Cardozo stated:

> "I have little doubt that it was part of the purpose of the statute to remove the disability which formerly attached to foreign executors and administrators when suing in our courts as plaintiffs. I shall assume, even though it may be unnecessary to decide, that the purpose was to this extent effective. The removal of a disability, as distinguished from an immunity, comes properly within the field of comity. Vaughan v. Northup [15 Pet. 1, 10 L.Ed. 639] supra. It is when we pass to that part of the statute which deals with the liability of foreign representatives as defendants that difficulties begin." 229 N.Y. at 368, 128 N.E. at 217.

He went on to state:

> "Foreign administrators and executors may sue in the same manner as nonresidents, for comity may enlarge the measure of their rights as plaintiffs without encroaching upon the jurisdiction of other courts, or overstepping the limits of our own. Foreign administrators and executors may be sued in the same manner as nonresidents, but only when the subject-matter subjects them to the jurisdiction; for comity, though it may enlarge their rights, cannot, unless it is also the comity of the domicile, enlarge their liabilities, and there is nothing in the statute that unmistakably reveals a purpose to assume, in disregard of comity, a jurisdiction which the accepted principles and usages prevailing between different sovereignties have heretofore condemned." 229 N.Y. at 372, 373, 128 N.E.2d 219.

With the adoption of the New York Civil Practice Act in 1920, section 1836a was transferred without substantial change to section 160 of the Decedent Estate Law (Laws 1920, ch. 919). In 1925 section 160 was amended by the adoption of a new subdivision which provided for the *continuation* of an action against a nonresident who died during the pendency of the action (Laws 1925, ch. 253). In the McMaster case, supra, the Court of Appeals struck down the amendment as unconstitutional, relying on the Helme case, supra, "no satisfactory distinction being found between starting a suit and continuing it." 240 N.Y. at 384, 148 N.E. at 557. Then, in 1926, the legislature repealed section 160 in its entirety (Laws 1926, ch. 660). The legislature thus failed to separate the valid provisions of the section, as indicated in the Helme case, supra, from the invalid provisions. From 1926 to 1951 the governing rule was the New York common law, which is that a foreign representative generally has no capacity to sue or be sued. Leighton v. Roper, 300 N.Y. 434, 439, 91 N.E.2d 876, 878, 18 A.L.R.2d 537 (1950); Neuberger v. Hart, 266 App.Div. 612, 44 N.Y.S.2d 490 (1943); Driscoll v. Loeb, 270 App. Div. 150, 59 N.Y.S.2d 82 (1945); Cooper v. American Airlines, 149 F.2d 355 (2d Cir. 1945).

In 1951 the legislature adopted a new section 160 of the Decedent Estate Law, which reinstated the valid provisions of the earlier statutes. It permits institution of suits *by* a foreign executor in New York "in like manner and under like restrictions as a person residing without the state may sue" (Laws 1951, ch. 522). And since they have capacity to sue a fortiori they would be permitted to be substituted as parties plaintiff. Civ. Prac.Act § 84; McMaster v. Gould, supra.

The motion is granted. So ordered.