OPINION OF THE COURT
Lawrence E. Kahn, J.
This proceeding has been commenced by the New York State Conference of Blue Cross and Blue Shield Plans (the Plans) challenging the authority of the Commissioner of Health of the State of New York (Commissioner) to require the Plans to reimburse hospitals for certain cost increases attributable to the care and treatment of Medicare patients. The increased costs specifically at issue arise from implementation of new hospital minimum operating requirements, recently enacted as 10 NYCRR part 405. These new regulations contain substantial amendments to the minimum operating standards for hospitals and represent a significant attempt to alter the manner in which health care is delivered in the State of New York. There is no dispute that implementation of the new regulations will result in increased costs. At issue is the Commissioner’s authority to require petitioner to pay for the cost increases attributable to Medicare patients. Petitioner does not seek to avoid payment of increased costs attributable to the care and treatment of its subscribers. Rather, it objects to the Commissioner’s attempt to mandate payment of the costs attributable to Medicare patients when Medicare has refused reimbursement for the increased costs.
Article 28 of the New York State Public Health Law sets forth the statutory framework, enacted by the Legislature, to govern the regulation of hospitals within the State of New York. Thereby, health care providers are subject to guidelines concerning the quality of the care and the method for reimbursement. Concerning reimbursement, two parallel systems are applicable. Pursuant to title XVIII of the Social Security Act (42 USC § 1395 et seq.), the Federal Government provides reimbursement for Medicare patients. A second reimbursement system exists for non-Medicare inpatients such as Medicaid and Blue Cross.
Section 2807 (2) of the Public Health Law provides that the rates for reimbursement to hospitals for in-patient services by the Plans must be approved by the Commissioner. Further statutory provisions mandate that the Commissioner establish rates which are reasonable and adequate to meet the costs incurred by an efficiently and economically operated hospital. *338 In-patient operating costs for services to patients covered under the provisions of Medicare are specifically excluded from the determination of rates of payment (see, Public Health Law § 2807-c [1] [d]X
After the enactment of the new part 405 regulations, the Commissioner determined that the Plans would be required to reimburse hospitals for the cost increases due to the new regulations, including the cost for serving patients who are beneficiaries of the Medicare program. The instant proceeding sets forth five separate causes of action, all seeking to ultimately vacate the Commissioner’s determination with respect to payment of costs attributable to Medicare beneficiaries. The first cause of action seeks such relief upon constitutional grounds. The second cause of action asserts that the Commissioner’s attempt to include Medicare costs in Blue Cross reimbursement rates is in excess of his statutory authority. The remaining causes of action seek a declaration which would require the Commissioner to promulgate appropriate rules and regulations with respect to his activity and to require approval of adjustments in future rates for the Plans, which provide for the recovery of any overpayments made to hospitals due to the Commissioner’s purportedly improper direction for the inclusion of Medicare costs in the calculation of the Plans’ reimbursement rates.
Initially, the court determines that petitioner has standing to maintain this CPLR article 78 proceeding. It is the association of all the Blue Cross and Blue Shield Plans within the State and is certainly qualified to adequately represent and present their interests in one unified proceeding. The individual Plans which make up the association and the subscribers thereto will pay increased premiums and be thus adversely affected by the Commissioner’s attempt to shift Medicare costs to them. Further, the interest of petitioner, sought to be litigated in this proceeding, is germane to the purpose for which it exists. Finally, the granting of the relief herein does not necessitate inclusion of the actual member Plans or subscribers. As such, petitioner has standing to maintain this litigation (see, Matter of Dental Socy. v Carey, 61 NY2d 330).
In his submissions before the court, the Commissioner has acknowledged (and indeed he must) that section 2807-c of the Public Health Law mandates the exclusion of Medicare costs from the rates established for non-Medicare payors. He seeks to ground his seemingly contrary result upon the allegation *339 that, by implication, inclusion of certain additional moneys for use by the Department of Social Services within the executive budget for Medicaid somehow granted him the discretionary authority to shift all Medicare expenses to other third-party payors after the Legislature had approved the aforesaid budget. He argues that this is so, regardless of the fact that the legislation makes no reference whatsoever that Medicare costs for implementation of the new part 405 regulations would or should be borne by Medicaid. This argument is unavailing. In a case involving a similar issue, the Court of Appeals has determined that "the budget bill is a general statute which establishes a lump-sum appropriation * * * it does not supersede the specific, detailed statutory provisions” (Ball v State of New York, 41 NY2d 617, 623). As the parties are well aware, it is generally hornbook law that repeals by implication are not favored (see, County of Saratoga v Sara-toga Harness Racing Assn., 4 NY2d 622, 627).
Similarly, the Commissioner’s attempt to legitimize his determination as an adjustment to current rates for additionally incurred costs during the rate year is also without merit. While section 2807-c (9) (b) (iii) affords him the authority to make such adjustments to current rates when hospitals do in fact incur additional costs during the rate year in order to comply with State or Federal mandates, those "adjusted” rates must still comply with the basic mandates of the reimbursement provisions which require that Medicare costs be excluded in the establishment of any payment rates. Succinctly put, "an administrative officer has no power to declare through administrative fiat that which was never contemplated nor delegated by the Legislature.” (Matter of Campagna v Shaffer, 73 NY2d 237, 242.)
Having determined this proceeding on the merits with respect to petitioner’s second cause of action, the court has not reached the issues presented by petitioner’s causes of actions sounding in constitutional claims and the promulgation of appropriate rules and regulations.
The petition shall be granted to the extent that petitioner shall submit an order and judgment which declares that the Commissioner of Health’s mandate that the Plans pay additional reimbursement costs attributable to Medicare patients is null and void, and that future rates to hospitals shall be adjusted for any overpayment of reimbursement.